JAMES E. NEWSOM v. BENJAMIN THIGHEN, County Treasurer.

1. PAROL EVIDENCE: ADMISSIBLE TO PROVE USURY, &c.  Parol evidence is always admissible to contradict the terms of a written contract, when its object is to prove either usury or illegality of consideration.
2. The county treasurer has no right to take the note of a licensed retailer for the amount due by him for his license; and if he do so, suit cannot be maintained on it by his successor in office.  It seems that such contract will be absolutely void.

IN error from the Circuit Court of Jasper county.   Hon. John Watts, judge.

The proceedings are fully set out in the opinion of the court.

*Glenn* and *Evans*, for plaintiff in error.

No counsel appeared for defendant.

FISHER, J., delivered the opinion of the court.

The plaintiff below, as treasurer of the county of Jasper, brought this action before a justice of the peace of said county, to recover the amount of a promissory note made by the defendants, payable to the plaintiff's predecessor in office.

Judgment having been rendered by the justice for the plaintiff

Newsom *v.* Thighen.

below, the defendant prayed an appeal to the Circuit Court of said county, where, the judgment being affirmed, this writ of error has been prosecuted.

The note purports to have been given for a loan of the common school fund, and stipulates for the payment of interest at the rate of *ten per cent. per annum.* The defendant on the trial offered to prove, that the note was not in fact given for a loan of said school fund, but to secure the treasurer in the amount which the defendant was to pay for a license to retail vinous and spirituous liquors; which evidence the court rejected: and this constitutes the only error assigned.

The ground upon which the court ruled out the evidence was, that it tended to contradict the note. While this position is true as a general rule, it is not true when the object of the evidence is either to establish usury or illegality in the contract. The evidence here offered to be introduced, tended to show that the note was absolutely void, as the treasurer had no authority, either under the letter or policy of the law, to receive the defendant's note in lieu of money, for a license to retail spirituous liquors. The treasurer may, and indeed ought to be liable to the county, for the amount which he ought to have taken for the license; but he cannot, for this reason, recover upon a contract originating in his own violation of law. It is under no circumstances, a contract which could be sued on by the treasurer's successor in office, as it was not a matter about which he could give credit or take a note, in his official character, from the defendants. The note, at most, would only be regarded as a personal contract with the payee.

Judgment reversed, and *venire de novo* awarded.