A. J. McWilliams, County Treasurer, vs. Eli Phillips.

1. License to Retail Liquors: *Art. V, Code of 1857, p. 198.*

This act provides, that before a license shall issue to retail liquors, the applicant must first pay the required tax. This statute is positive, and no discretion is left to the officer.

2. Same: *Rule of in pari delicto.*

Where all the parties participate in the violation of the law, the court will not, where the contract is executed, interfere for the relief of either party, but will leave them in their respective conditions. Where the contract is executory, the court will likewise refrain from lending its aid to carry it into effect.

3. Same: *Case in judgment.*

McW., as county treasurer, took notes of P. in payment of license to retail liquors. *Held*, that the notes were void, that the county treasurer had no authority to receive them, and that he is liable to the county for the amount of the licenses.

Appeal from the Chancery Court of *Itawamba* County.

Hon. O. H. Whitfield, Chancellor.

Complainant filed his bill in the chancery court, March 26, 1874, against defendant, McWilliams, county treasurer, to enjoin the foreclosure of a mortgage executed by Phillips to secure the payment of a note. The note recites that it was given for money borrowed of the " school fund." The mortgage recites the same fact. The bill denies that it was given for money, and alleges that it was given in consideration of license to retail vinous and spirituous liquors.

The answer is made a cross bill and insists that the consideration is valid. The court below decreed that the injunction be perpetual, and that the note and mortgage be canceled and delivered up to Phillips, and the case comes to this court on appeal from this decree.

*Newman Cayce,* for appellant.

*Clayton & Clayton* and *J. A. Brown,* for appellees.

[Reporters find no briefs in the record.]

Simrall, J., delivered the opinion of the court.

The agreed facts are, in substance, that in August, 1865, J. B. B. Flint applied to the board of police for a license to sell vinous and spirituous liquors, and in September, E. P. Adam made a similar application.   The tax for the license was $200.   Flint did not pay the money for his license; but the complainant, Eli Phillips, being indebted to Flint two hundred dollars, agreed to pay him $200 for Flint; and being indebted to Adam $50, agreed to pay for him that sum.   The note mentioned in the bill and deed of trust was executed by complainant to the then county treasurer, Keyes, to comply with complainant's agreement to pay for the license to Flint and in part for the license to Adam, and not for money actually received from the common school fund.   Flint and Adam, respectively, gave credit to the complainant for said sums of money.   All the parties at the time deemed the transaction to be valid and legal.   These petitions for license and the authority of the board of police over the subject, are regulated by the Code of 1857, pp. 197, 198.   The license may be granted by the board, who shall assess and collect "such tax therefor, not exceeding $1,000 nor less than $200." Before any license shall issue the "applicant shall pay to the treasurer of the county" * * * etc., the tax assessed thereon, etc.   Art. 5.   The statute is positive that the money must be paid to the county treasurer.   There is no discretion or election in that officer.

The case argued by counsel is, that no money was paid to the treasurer by Flint or Adam for their licenses, but that he accepted complainant's promissory note, secured by the trust deed instead of the money.   That arrangement was in violation of the statute, being illegal, as held in Newsom v. Thighen, 30 Miss., 414.   The note is void, because, as said by the court, "the treasurer had no authority either by the letter or the policy of the law, to receive the defendant's note in lieu of the money for a license to retail spirituous liquors."   In that case, as in this, the real transaction was disguised, by a recital in the note, that it was given for a loan of the common school fund.   All the parties participating in the

violation of the law, and are in *pari delicto*.  In such cases, the court will not, where the contract has been executed, interfere for the relief of either party; but will leave them in their respective conditions.

Where the contract is executory, they will likewise refrain from lending aid to carry it into effect.

If money has been paid or property conveyed for past illicit intercourse, the courts decline to restore the money or property; but if a bond has been given for future immoral cohabitation, no recovery can be had upon it.   Nye *v.* Moseley, 6 B. & Cres., 133.

Numerous cases might be cited in illustration of the principle. One party may act under circumstances of oppression, imposition, undue influence, and may not therefore stand in *pari delicto*.   If both, however, concur in the illegal act, and are in equal fault, the modern doctrine is, that a court will not entertain the claim of either against the other, to carry into effect the illegal contract.

In this case, the obligation of the complainant was to pay at a future day, the security which he gave was in process of being inforced, and the debt collected.   He appeals to the court, and says that his promise and the security are void, and the defendant being equally guilty with himself, the court ought not to allow one party to get the fruits of the illegal act.

Such defense may be set up against an executory illegal contract; but not where it has been fully performed.   Inhabitants of Worcester *v.* Eaton, 11 Mass., 376, and cases cited.

There can be hardly a doubt that the county treasurer who took the note for the license is responsible to the county.

There is no error in the decree, and it is affirmed.