Board of Supervisors of Lauderdale County
*v.*
W. F. Alford *et al.*

1. Chancery Jurisdiction. *Doubt as to which of two parties is liable.*

When the facts as to which of two parties is liable on a cause of action stated are unknown, chancery has jurisdiction to compel an interpleader and to grant the complainant relief. But where the only uncertainty is as to the law determining such liability on the facts stated, chancery has no jurisdiction.

2. Same.   *Question as to which of two sets of sureties on bonds are liable.   Case in judgment.*

   A. was elected and served for two successive terms as treasurer of the county of L., and executed a bond for each term. He appointed an agent to conduct the office for the first term. . For this there was no authority of law. The agent defaulted, but executed his note with a surety in favor of A. to cover the deficit. A. appeared before the board of supervisors at their first and second meetings during his second term, counted the money in his hands to them, as required by law, and it was found to be the correct amount. At his third report, A. failed to have the correct amount by exactly the amount of the deficit of his agent during the first term, and he then admitted the default, and that he had obtained money temporarily, to be counted at the previous meetings, so as to cover up the default. Each set of sureties denied liability. The board filed a bill in chancery against A. and the sureties on both bonds, and asked that the two sets of sureties be compelled to interplead, so that the liability could be properly fixed. Both sets of sureties demurred. *Held,* that the chancery court had no jurisdiction. *Semble.* The sureties on the first bond were not liable, because the default occurred during the second term. If so, the remedy at law on the second bond is adequate.

3. Same.   *Promissory note.   Consideration.   Subrogation.*

   In the case above stated the consideration for the note executed in favor of A. by the agent, to secure the amount of his default, was not illegal, and the note was binding in favor of A. personally, though not officially; and the complainant, representing the county of L., is entitled in equity to be subrogated to the full rights of A. against the makers of the note, they being parties defendant to the suit. *McWilliams* v. *Phillips,* 51 Miss. 196, criticised.

   Appeal from the Chancery Court of Lauderdale County.

   Hon. Sylvanus Evans, Chancellor.

   In 1883, W. F. Alford was elected treasurer of Lauderdale county for the years 1884 and 1885. On the first Monday of January, 1884, he qualified and executed his official bond as treasurer. One L. K. Latham was employed by Alford as his agent to receive and disburse the finds of the county during this term. At the close of the term Latham failed to account to Alford for the moneys received to the amount of $6,441.97. Thereupon, on Jan. 12, 1886, Latham, with L. A. Ragsdale as surety, executed his prommissory note for $6,441.97, in favor of Alford, to cover this deficit.

In November, 1885, Alford was re-elected treasurer, and on the first Monday in January, 1886, qualified and duly executed a treasurer's bond for the years 1886 and 1887.

At the meetings of the board of supervisors, on the first Mondays of January and March, 1886, respectively, Alford presented his account as treasurer for 1884 and 1885, showing the moneys received, including the $6,441.97 which had been taken by Latham, and then and there counted to them the full amount that ought to have been in the treasury. At the June (1886) meeting of the board, Alford failed to produce the requisite amount by $6,441.97, and then for the first time admitted the deficit and acknowledged that he had temporarily secured the necessary money to be counted at the previous meetings in order to conceal the fact that there was a deficit.

Thereupon, the board of supervisors instituted an action at law against the sureties on the first bond. Alford also instituted suit on the note executed to him by Latham and Ragsdale. Afterwards both Latham and Ragsdale died. The board of supervisors then exhibited this bill, against Alford and the sureties on the two bonds and the representatives of Latham and Ragsdale, in which the above facts were alleged. The bill prays, that inasmuch as serious doubts have arisen as to which set of surities, that is those on the first or second bond, are liable, that both be required to appear and interplead, and the liability fixed where it belongs, so as to avoid a multiplicity of suits. The bill further prays that the county be subrogated to the rights of Alford against Latham and Ragsdale; that a decree be entered in favor of the county against their representatives to the amount due on the note executed by them, and that the realty of their estates be ordered sold to satisfy the same, the personalty being insufficient.

To this bill there were three separate demurrers. The sureties on the first bond demurred on the grounds, amongst many others (1), that there was an adequate remedy at law (2), that the defalcation occurred while the second bond was in force (3), that Alford had no authority to allow or appoint Latham to act as his agent in receiving and disbursing funds. The sureties on the second bond demurred on the first and third

grounds above set out, and also on the ground that the defalcation occurred while the first bond was in force, and many other grounds not necessary to set out. The representatives of Latham and Ragsdale demurred on the grounds that (1) complainants wsre not entitled to be subrogated to the rights of Alford (2), that the note was void and without consideration. The chancellor sustained all three demurrers. The complainant appealed.

*Walker & Hall*, for the appellant.

1. It is alleged, as a matter of law, that the Court has no precedent for an interpleader in a case like this.

In the case of *Whitfield and Billups* v. *Evans,* 56 Miss., 489, this court approved as eminently proper a suit in equity against two sets of sureties on two several administrator bonds.

The case of *The State use, etc.* v. *Brown,* 58 Miss., 835, is in point. That was a suit in chancery on two sheriff's bonds executed respectively, Dec. 29, 1873, and Dec. 28, 1874. The prayer of the bill was similar to the one in the case at bar, to wit : First, For an account to ascertain full amount due the county. Second, That the two sets of sureties interplead to ascertain the liability on the respective bonds. Third, For a decree against the proper sureties according to such liability.

In that case the chancery court sustained a demurrer to the bill and dismissed it out of court. This court reversed the case, holding that the chancery court was the proper forum notwithstanding complainant had a remedy by separate suits at law. See also *Gay* v. *Edwards,* 30 Miss., 219.

2. Let us assume, as contended, that Alford had no authority to empower Latham to act in the premises, and that every act of Latham was *absolutely without any binding force* upon the sureties on Alford's official bond; then, we submit that the very fact of his failure to perform said duties *in person* constitutes a breach of his official bond, and that the sureties must respond to all the damages sustained by reason of his failure to " *faithfully observe and discharge all the duties of his office.*" Sec. 367, 368, Code 1880, 63 Miss., 186 ; 51 Miss., 212.

3. We predicate the right to subrogation upon the fact that. Lauderdale county's money furnished the consideration

of said note, and that in legal effect Alford, as the payee in said note, is a mere trustee for Lauderdale county.

Alford, the payee, is, in the eyes of a court of equity, a trustee for the county ; and whether said note was the result of a scheme to defraud the county, or of an honest purpose on the part of Alford to secure the money which Latham had embezzled, ,the county should be permitted to recover her own money represented by said note ; and in order to do so should be subrogated to all the rights of Alford therein.

*G. Q. Hall,* of counsel for the appellant, argued the case orally.

*Whitaker, Dial & Whitherspoon,* for the appellees.

Both bonds cannot be liable for 'the same default, and since the bill shows that the only default sued for occurred during the operation of the first bond, it would seem impossible that the bill could show any liability on the second bond. Is a surety on a treasurer's bond liable for money paid to an agent of the treasurer and not to the treasurer himself? We submit they are not liable. In support of this proposition we cite the case of *Joseph Bryon, plaintiff in error* v. *The United States,* 1 Black, 140.

*Woods, McIntosh & Williams,* for the representatives of the estates of Ragsdale and Latham.

1. We have here two sets of sureties, both claiming that the other is liable for the same debt to the complainant ; but the law says which set is liable. The complainant may be in doubt as to where the liability is ; but this doubt does not arise because of any uncertainty as to what the facts are, but because the complainant is in doubt as to what the law is on a given state of facts. The practical effect of this bill is a request to the chancellor to instruct complainant upon a given state of facts, not how to protect itself from the conflicting claims of two sets of sureties ; but what law is to govern this case, and how it may collect a debt, or enforce a claim against one of these two sets of sureties. We deem it useless to discuss this proposition further, but content ourselves by referring the court to Daniel's Chancery Pleading and Practice, pages 1560 and 1561; Bispham's Principles of Equity, section 421.

2. Complainant seeks by said bill to be subrogated to the rights of Alford, on the note executed by Latham and Ragsdale.

Is this a case in which the doctrine of subrogation can in any event be invoked? We say not. Subrogation is an equitable right given for the protection of the surety; and the remedy by subrogation is confined to those cases where two or more are bound to pay a debt, and one has paid the debt to the creditor; then the one paying is subrogated to any and all rights which the creditor might have against the principal. There is nothing of this kind in the case now before the court, and as the authorities on this point limit the right to substitution or subrogation to cases of this kind, we deem it necessary to only refer the court to these authorities.

Bispham's Principles of Equity, Section 335; 5 Wait's Actions and Defences, page 213, et seq.; Pomeroy's Equity Jurisprudence, Section 1419.

3. But there is another and more serious reason, if we be correct in the conclusion we have reached, why complainant cannot be subrogated to the rights of Alford on the note, viz., because said note is void, and Alford has no rights under the same which can be enforced either by him or the county. Alford was treasurer of Lauderdale county; Latham was acting as agent of Alford as treasurer. Alford had no authority to appoint an agent and turn the funds of the county over to him. Alford knew he had no such authority, so did Latham, and so did the complainant. But while Latham was such agent ostensibly, he was acting in that capacity with the full knowledge and consent of complainant; for it is shown that prior to January, 1886, it was Latham who made the reports to the board, and he was really the treasurer of the county, so recognized by the board, and the board knew that Latham had the exclusive control of the funds belonging to the county. This was a plain violation of the law. Latham, Alford and the complainant were parties to the violation of the law. They were in *pari delicto*. If Alford had no authority to so appoint an agent for the purpose of placing the funds of his office in the hands of this agent, then we submit that there was no legal liability on Latham to pay or refund any money that came to his hands, by virtue of such appointment, at the time of the execution of this note by Ragsdale and himself. But the law will leave them

where it found them.    We think we are fully borne out in this conclusion by two adjudications of this court, namely:

*Newsom* v. *Thigpen,* 30 Miss., 414; *Mc Williams, County Treasurer,* v. *Phillips,* 51 Miss., 196.

CAMPBELL, J., delivered the opinion of the Court.

Had the bill been so drawn as to show that the facts are unknown as to which set of sureties are liable, the jurisdiction of chancery would have been undoubted.

*Gay* v. *Edwards,* 30 Miss. 218; *Tate* v. *De Soto,* 51 Miss. 588.

But the criticism is a just one, that the only uncertainty alleged is as to the law upon the facts stated, and, if this was a recognized ground for the interposition of a court of equity, there would scarcely be a need for courts of law.

On the facts stated our present view is, that there is no liability on the first bond, not because Alford was represented by another in conducting the business of his office; but because he was not a defaulter during his first term.    Grant that Latham, who acted for him, misapplied the money, Alford made it all right with the county, and reported the sum due, and produced the money to be counted, as required by law, and this was during his second term of office, wherefore it seems that any default by him was after the second bond was given, and not while the first was a security for his official acts.

The demurrer of the sureties on the first bond was properly sustained, and then the bill was no more than an action on the second bond presenting no ground for proceeding in chancery against them, and for that reason the demurrer of the sureties on the second bond was properly sustained.

But, as Alford is liable for all the money due the county, and as the note for $6447.91, executed by Latham with Ragsdale as surety was made to represent, and secure the payment of the debt, equity will lay hold of the security and place the burden, at once, where it should be borne, substituting the creditor to the rights of Alford, and enforcing the claim he could enforce for this debt.    Sheldon on Subrogation, § 167.

The consideration of the note was not illegal, and the note is not void on such ground.

*Newsom* v. *Thigpen*, 30 Miss. 414, is authority only for the proposition that the note in that case could not be recovered on by the successor in office of the payee. It was not valid as an obligation to the officer in his official capacity. The conclusion of the opinion intimates its validity as a personal contract with the payee. Any other view is clearly erroneous.

*McWilliams* v. *Phillips*, 51 Miss. 196, was decided improperly, and we decline to follow it. In it there was a misapprehension and misapplication not only of *Newsom* v. *Thigpen*, but of well-settled principles. But, besides this, here the note was given to evidence and secure an unquestionable liability of Latham to Alford, after it had been incurred, and there is that difference between this case and those cited. There is no semblance of illegality in the consideration of the note. The demurrer of Alford and the representatives of Ragsdale and Latham was improperly sustained, and as to this the decree is reversed, that demurrer overruled, and answers required in thirty days after mandate filed.

