BELLEW *v.* WILLIAMS.

[67 South. 849.]

CONTRACTS. *Illegality. Effect. Parties in pari delicto.*
  Where the parties to a logging contract provided for a measurement in violation of Code 1906, section 5072, which provides a standard rule of measurement for saw-logs and square timber and makes the use of any other measurement unlawful, and the contract as entered into has been fully performed, the courts will not interfere for the relief of either party, but will leave both in their respective conditions, as in such case both are *in pari delicto.*

APPEAL from the chancery court of Hancock county. HON. T. A. WOOD, Chancellor.

Bill by R. B. Bellew against R. J. Williams. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*T. M. Evans, J. A. Teat* and *L. Brame,* for appellant.

Now, let us compare this statute and the case at bar with the cases cited by counsel for appellee by which he attempts to establish that the parties in this suit are *"in pari delicto."* We will first take the case of *Mack Willams et al.* v. *Phillips,* 51 Miss. pages 196 to 198: This was a case where the complainant, Eli Phillips filed a bill in the chancery court against Mack Williams, county treasurer, to enjoin the foreclosure of a mortgage executed by Phillips to secure the payment of a note. In this case J. B. Flint, applied to the board of supervisors for a license to sell vinous and spirituous liquors. The tax for the license was two hundred dollars. Flint did not pay the money for his license, but Eli Phillips, being indebted to Flint to the amount of two hundred dollars, agreed to pay Mack

Williams, treasurer, two hundred dollars for Flint. It was against the law to issue the license until the money was paid into the treasury. The money was never paid and the injunction was made perpetual. (See 51 Miss. page 197 for the facts in the case). There was no statute authorizing the recovery of this money as in the case at bar.

The next case cited by counsel for appellee is the case *Lemonius* v. *D. Mayer Sons et al.*, 71 Miss. page 514 to 524. The facts stated in the opinion of the court begin on page 517. This was a contract for futures, the collection of which was expressly forbidden under section 2 of the Acts of 1888, page 140. It is hard to understand how counsel could refer to this case, since the statute expressly forbids the enforcement of the contract, while in the case at bar, the statute expressly declares that the person offending shall be liable to any person injured for triple damages.

The third case cited by counsel for appellee is *Cotton* v. *McKensie*, 57 Miss. pages 418 to 424. This was a suit for recovery on a promissory note given for goods and spirituous liquors sold in less quantities than one gallon, and under section 2164, Code of 1871, the sale of intoxicating liquors on a credit at resale was prohibited and this statute prohibited the collection of said indebtedness. I do not see the relevancy of this case to the one at bar since the statute in the case at bar expressly authorizes the recovery of the damages sued for.

The fourth case cited by counsel for appellee is the case of *Woodson* v. *Hopkins,* 85 Miss. pages 171 to 198. This was a case where Hopkins furnished Woodson one thousand dollars, to carry on a loan agency in Vicksburg, Mississippi. They were doing business under the name of Shaw & Co., and loaning money at thirty-five per cent per week, or one thousand eight hundred and twenty per cent per annum. That is, to

loan a person ten dollars and add three dollars and fifty cents interest, making thirteen dollars and fifty cents and taking a bill of sale of the borrower's household effects, the money to be paid in one week. Woodson had paid Hopkins two thousand three hundred dollars, which covered the one thousand dollars furnished him by Hopkins and one thousand three hundred dollars profit. Woodson could have no money in his possession belonging to Hopkins, except the accrued usury, the collection of which was then and is yet prohibited by law in this state and should be in every other state and nation. So, this decision cannot control in the case at bar where the recovery is expressly authorized by the statute.

Instead of the parties being *in pari delicto* as claimed by counsel for appellee, the complainant or appellant in this cause has a right of recovery authorized by the statute.

We concur with counsel in the statement found on page 6 of his brief, in paragraph 2, to wit: The contract at issue in this cause was and is strictly in accordance with the legislative provisions. The contract appears on page 8 of the transcript and has the following clause: "All logs to be scaled by Doyle's Rule R. 9." This phrase means 'measure by the table known as Scribner's Lumber & Log Book by Doyle's Rules.' But where the statute adopts a rule or table as it has in this case in section 5072, Code of 1906, all of the provisions of the statute are incorporated into the contract as fully and completely as if copied therein at large and all rights given under the statute are incorporated in the contract as fully as if stipulated therein, and any clause in the contract which is in violation of the law is nugatory and the law supervenes all contracts and writes out of them all stipulations inconsistent with it. *Assurance Co.* v. *Phelps*, 77 Miss. 625. And any clause in the contract inconsistent with the statute must yield to the statute. *Insurance Co.* v. *Shlenker*, 80 Miss. 667.

*Gex & Waller,* for appellee.

If the contract is in violation of law, the parties are *in pari delicto* and neither can recover from the other; in other words the court will leave the parties where it found them.

There is nothing better settled in the jurisdiction of the state of Mississippi, than the fact that if the parties to a contract are *in pari delicto,* no court, neither at law nor in equity, will take jurisdiction, to grant relief to either of them. So well is that settled in this state, that it would be useless to cite authorities from other states on this proposition. The decision of all other states, however, being in accord with those of Mississippi, we content ourselves with the conclusive adjudication of our own court on this proposition. *McWilliams, etc.* v. *Phillips,* 51 Miss. 196; *Lemonius* v. *Mayer,* 71 Miss. 523, 51 Miss. 196; *Cotten* v. *McKenzie,* 57 Miss. 418.''

*In re Woodson* v. *Hopkins,* which is the leading case in this state, and which is reported in 85 Miss. 171, the last two above-cited cases are approved and confirmed, and the principles therein declared to be the settled law of this state.

Therefore we say that since the right, if any the appellant had, arises out of, through, and because of, this illegal contract, the court cannot loan its ear to the enforcement of his demand.

REED, J., delivered the opinion of the court.

Appellant brought suit in chancery to recover from appellee damages alleged to have been sustained by the unlawful measurement of logs hauled by appellant for appellee under a contract.

In the bill of complaint it is alleged that the difference between the amount which appellant should have been paid for logs if the measurements had been made as

required by law and in the amount which he received through the measurements in accordance with the terms of the contract totaled the sum of seven thousand dollars. He prayed for triple damages— twenty-one thousand dollars.

In the logging contract between appellant and appellee it was provided that all logs should be scaled by Doyle's rule; and then is set forth certain provisions to be followed in measuring logs of given length. It is claimed that this is in violation of the statute providing a standard of measurement of saw logs and square timber, in that it is different from the standard rule prescribed in the table which the statute requires to be used.

The statute referred to is in the chapter on "Weights and Measures," in the Code of 1906, and is section 5072, reading as follows:

"The table known as 'Scribner's Lumber and Log-Book by Doyle's Rule' is the standard rule of measurement by which sawlogs and square timber shall be measured. The use of any other rule of measurement is unlawful; and any person who shall use any other rule which gives a less number of feet in a given log, shall be guilty of a misdemeanor, and punished accordingly, and be liable to any person injured for triple damages."

We note in the same chapter another section, 5066, which reads:

"All contracts for work or labor done, or any thing to be sold and delivered, will be construed to have been made according to the standards unless the parties stipulate to the contrary."

A demurrer was filed to the bill of complaint, and was overruled. Appellee thereupon filed an answer. The case was heard by the chancellor on the pleadings and agreed statement of facts. It is admitted that the logs were measured correctly in accordance with the

contract, and that appellant had received all owing to him under his logging agreement. The contract has been fully executed.

The chancellor, in finally deciding the case, returned to a consideration of the demurrer, and held that he erred in overruling the same, and that it should have been sustained by reason of the third ground thereof, and stated that the same point was raised in the answer. The third ground reads as follows:

"If the contract was in violation of the law of the state of Mississippi, then, the parties being *in pari delicto,* the complainant cannot recover under the said contract as he is attempting to do."

The chancellor then held that the parties were *in pari delicto,* and dismissed complainant's bill.

Conceding for this consideration, but not deciding, that the contract made between appellant and appellee was in violation of the statute providing a standard rule of measurement, we then decide that, as both parties participated in the violation of the law, they are *in part delicto,* and the court will therefore not interfere for the relief of either party, but will leave both in their respective conditions. *McWilliams* v. *Phillips,* 51 Miss. 196; *Lemonius* v. *Mayer,* 71 Miss. 523, 14 So. 33; *Woodson* v. *Hopkins,* 85 Miss. 186, 37 So. 1000, 38 So. 298, 70 L. R. A. 645, 107 Am. St. Rep. 275.

*Affirmed.*