Daniel *v.* Fain.

H. E. DANIAL, Adm'r, *v.* S. N. FAIN,

AND

S. N. FAIN *v.* UNION PRESBYTERY *et al.*

TRUSTEE. *Compensation. Attorney's fee.* A trustee who files a bill which, although not strictly a bill of interpleader, accomplishes the same purpose without objection by the successful party, and who is not required by that party to pay the money into court, is fairly entitled to compensation if he has kept the fund loaned out on good security, but not if he has himself used the fund, and to be reimbursed any expenses incident to the trust, and to the reasonable fee of counsel for filing the bill.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

MCFARLAND & DICKSON and J. W. YOE for complainant.

J. M. MEEK for defendant.

COOPER, J., delivered the opinion of the court.

By the will of Alexander Blackburn a fund of about $1,100 was placed in the hands of a trustee in trust to pay the interest thereon annually to the testator's widow during her life, and then to a trustee to be appointed by the Union Presbytery of Jefferson county, for a supposed charitable purpose. At the death of the widow, about the 16th of May, 1877, S. N. Fain was the trustee of the fund. He had

paid the interest to the widow, and was chargeable
with the corpus of the fund. The complainant, H.
E. Daniel, as administrator of H. H. Peck, filed the
original bill in this cause against Fain, claiming the
fund under an assignment made to his intestate by
Andrew Blackburn, the only heir and distributee, as
well as a legatee of Alexander Blackburn. The Union
Presbytery was also proposing to institute legal pro-
ceedings, when the trustee Fain, on the 16th of Jan-
uary, 1878, filed his bill of interpleader, or in the
nature of a bill of interpleader, against all parties
claiming the fund, asking for a construction of the
will, that the rights of the contestants be declared,
and that he be denuded of his trust. The bill is
not a strict bill of interpleader, for it does not pro-
pose to pay the fund into court, nor is the oath
made to the bill such as is required in such a case.
The defendants answered without objections, and at the
July term, 1879, an order was made consolidating the
two causes by consent, and allowing Fain to pay the
fund into court, and be discharged from further liabil-
ity therefor, but reserving the question of his liability
for the costs of the litigation. At the July term,
1880, the Union Presbytery moved that Fain's bill
be dismissed for want of the proper affidavit to it as
a bill of interpleader, and because the fund had not
been paid into court, but the motion was disallowed.
At the same term, the final decree was rendered de-
claring that the Union Presbytery was entitled to the
fund, and giving a personal decree in favor of the
Presbytery against Fain for the fund, unless paid into

court within a given time, and referring it to the master to ascertain and report whether Fain was entitled to any allowance for services and expenses as trustee, and permitting him in the meantime to retain $100 subject to account. After the rendition of the decree, but at the same term, an order was made, in view of an appeal, authorizing Fain to pay the money into court, against which order Daniel, as administrator, protested. The money has not been paid in, and the question submitted is whether the complainant Fain is entitled to compensation as trustee, or other allowance. This court reversed the chancellor's decree, and gave the fund to the complainant Daniel.

The tenant for life was liable for the compensation of the trustee and expenses of the trust during her life, and the only compensation Fain can claim since her death would be for subsequent services. No serious effort was made by the successful litigant to require the trustee to pay the money into court. He was simply allowed to pay it in, probably at his own instance. If he kept the fund loaned out on good security during this period, he would be fairly entitled to pay for his trouble, but not if he has himself used the fund. The expenses of the trust, if any, would be a proper charge. The bill, although not a strict bill of interpleader, accomplished the purpose of such a bill without objection, and an allowance should be made for counsel fees in filing the bill.

The chancellor's decree will be modified accordingly.