Sullivan v. Knights of Father Mathew.

---

HANORA SULLIVAN, Appellant, v. THE KNIGHTS OF FATHER MATHEW *et al.*, Respondents.

St. Louis Court of Appeals, January 4, 1898.

1. **Interplea: ANSWER: JUDGMENT.** A debtor, when sued for a fund admitted to be due, is entitled to have an interpleading therefor upon an answer containing proper allegations.

2. **Pleading: PRESUMPTION.** Where there was nothing in the record to show that plaintiff asked to be allowed to plead further, after a ruling of the court on her motion for judgment, the presumption was that she chose to stand upon the motion, and declined to plead further.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

*Frederick H. Bacon* for appellant.

The motion of Mary Sullivan to be made a party defendant could not be considered by the court and ought to have been overruled. *Boyer v. Hamilton*, 21 Mo. App. 520; *Hathaway v. Foy*, 40 Mo. 540; *Kortjohn v. Seimers*, 29 Mo. App. 271, 277.

The amended answer in this case sets up no such facts as entitle it to an order of interpleader. *Robards v. Clayton*, 49 Mo. App. 611; *Shaw v. Coster*, 8 Paige, 337. See, also, *Pusted v. Flannery*, 60 How. Pr. 69; *Johnston v. Lewis*, 4 Abb. (N. S.) 150; *R'y v. Clute*, 4 Paige, ch. 384; *Wilson v. Duncan*, 8 Abb. Pr. 354; *Dorn v. Fox*, 61 N. Y. 208; *Stephenson v. Ins. Co.*, 7 App. N. Y. 372.

If the motion for judgment is in the nature of a demurrer, upon its being overruled the plaintiff had a right to deny the allegations of the answer, and if possible to show on a preliminary ruling that the defendant was not entitled to pay the money into court and be discharged. *State v. Simmons Hdw. Co.*, 109 Mo. 118; *Paddock v. Somes*, 102 *Id.* 226; R. S. 1889, sec. 2046.

*Frost & Foy* for respondent.

Defendant was entitled to an order of interpleader on its amended answer. 1 Beach, Mod. Eq. Pr., sec. 148, p. 179; *Roselle v. Bank*, 119 Mo. 91, 92; *Shaw v. Coster*, 8 Paige, 339; *Keener v. A. O. U. W.*, 38 Mo. App. 543; 2 Am. and Eng. Ency. Law, 499; *Hartford, Etc., Co. v. Cummings*, 69 N. W. Rep. 782; *McWhirter v. Halsted*, 24 Fed. Rep. 828; *Robards v. Clayton*, 49 Mo. App. 611; *Boyer v. Hamilton*, 21 *Id.* 520; *Freeland v. Wilson*, 18 Mo. 38; 2 Story, Eq. Jur. 806, 807; *Ballou v. Giles*, 50 Wis. 614.

BOND, J.—Hanora Sullivan sued the defendant upon a benefit certificate for $2,000, made out in her name as the wife of Jeremiah Sullivan, who died August 23, 1895, while a member of the defendant order in good standing. Thereupon Mary Sullivan (*nee* Sherlock) intervened in writing and represented to the court that she was the lawful wife of the deceased member, and in conjunction with her daughter Helen his lawful heirs at law, and as such entitled to the amount of said certificate, wherefore she moved the court that the answer of the defendant then on file setting forth the claims of herself and daughter, as well as those of the plaintiff, be treated as a bill of interpleader, and that the court order an interpleading as requested in said answer. The answer of the defend-

ant admitted that $2,000 was due from defendant on account of the certificate issued when Jeremiah Sullivan became a member.   It is also averred that both plaintiff and the intervener claimed to be the lawful wives of the deceased member of its order; that each demanded payment of it the amount of said certificate, and threatened to sue therefor, and that a similar demand was made by Helen Sullivan as the lawful daughter of said member, and that she also threatened to sue for said sum.   Defendant alleged its want of interest in the matter and prayed for leave to pay the money into court, and for an order of interpleading by the several claimants.   Plaintiff moved for judgment on this answer, and then withdrew said motion and filed a reply, and withdrew her reply and re-filed the motion for judgment.   The court overruled the motion for judgment, and ordered the defendant to pay the money into court (which was done), and directed an interpleading therefor.   From this judgment the plaintiff appealed.

The right of a debtor, when sued for a fund admitted to be due, to have an interpleading therefor upon an answer containing proper allegations, was expressly held by the supreme court in the case of *Roselle v. Bank*, 119 Mo. 84.   The order directing the interpleading in this cause was not based upon the application of one of the claimants to become a party (as contended by appellant's counsel) but was rested upon the answer of the debtor.   If, therefore, the answer contained allegations sufficient to warrant the order, and if no error intervened in the making of the order, the judgment of the interpleader can not be disturbed on this appeal.   In order to justify the sustentation as such, a bill of interpleader should show that there is some doubt in point of fact to which of the rival claimants the admitted

*INTERPLEA: answer: judgment.*

debt or duty belongs. It should show also a color of right derived from a common source in the respective claimants, but it should not show a clear title in either against the other. It should satisfy the court that the debtor is a mere stakeholder and entitled before payment to the protection of equity in enforcing a settlement of the opposing claim. Beach, Mod. Eq., sec. 148; Pomeroy's Eq. Jur., sec. 1320, *et seq.; Roselle v. Bank*, 119 Mo. *loc. cit.* 92. Do the averments of the defendant's answer treating it as a bill of interpleader meet this standard? The answer in substance is that defendant owes the money and that it is claimed by two women and the daughter of one, on the ground that each of the women was the lawful wife of the member when he died. Under the provisions of the statute authorizing benevolent associations like the defendant to provide for the families, widows, orphans or other kindred dependents of deceased members (R. S. 1889, sec. 2823) a color of right is given to the claims asserted by the two women in this case. Defendant has no interest whatever in the matter, further than to make a payment to the proper person, and it is entitled to be protected by a settlement of their conflicting claims to the fund in its hands. Our conclusion is that the scope of the allegations in the answer of defendant is broad enough to sustain the judgment of interpleader.

The only other point urged by appellant is the claim that she was entitled, after the court overruled the motion for judgment, to plead further PLEADING: presumption. in traverse of the allegations contained in the answer of defendant. There is nothing in the record showing that plaintiff asked to be allowed to plead further after the ruling of the court on her motion for judgment. * * * The silence of the record on this point affords a presumption that

plaintiff chose to stand upon said motion and declined to plead further. We would not be justified in putting the trial court in the wrong except upon an affirmative showing in the record of error intervening before the rendition of the judgment. The result is that the judgment herein is affirmed. All concur.