## SOVEREIGN CAMP WOODMEN OF THE WORLD, Respondent, v. IDA R. WOOD, Defendant; VIRGINIA BROADWELL et al., Appellants.

### Kansas City Court of Appeals, June 8, 1903.

1. **Interpleader: WHEN MAINTAINABLE.** When there are conflicting colorable claims to money owing by the debtor and the disinterested debtor would hazard suit if he paid to either claimant he may maintain a bill of interpleader, but should state the nature of the several claims.

2. ———: ———: **PETITION.** Where it appears that one of the claimants only is entitled to the money, interpleader will not lie; but on the petition in the record such does not appear to be the case.

3. ———: ———: **LAW AND FACT.** A bill will lie in cases of a doubt of the law as well as a doubt of the facts.

4. ———: ———: **MERITS OF CONFLICTING CLAIMS.** When the claimants are ordered to interplead, the merits of their claims are to be tried at the final hearing.

5. ———: **COSTS: ATTORNEY'S FEE.** When the plaintiff in an interpleader has acted in good faith and has grounds for such action, he is entitled to his costs out of the funds in his hands including an attorney's fee, and such costs may be adjudged on the final trial between the claimants against the losing party.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Frank Titus* for appellants.

(1)   The bill of interpleader in this case is not warranted either by law, or under the facts.   3 Pomeroy's Equity, secs. 1326-1328; Shaw v. Caster, 8 Paige 339; Leddel v. Starr, 20 N. J. Eq. 274; McDonald v. Allen, 37 Wis. 108; Story's Equity Pleading, sec. 292, 297; Wilson v. Duncan, 11 Abb. Pr. 3, 7; Sulzbacher v. Bank, 20 Jones & S. 269; Bank v. Yandes, 44 Hun 55; Mercantile Co. v. Huntingdon, 89 Hun 465; Jones v. Oil Co., 17 Ill. App. 111.   (2)   A mere claim without facts showing its legal validity on the part of Ida R. Wood does not warrant a suit in equity or a decree or even a contest between interpleaders.   Boyer v. Hamilton, 21 Mo. App. 520; Robards v. Clayton, 49 Mo. App. 608; Posey Co. v. Miller, 61 Fed. 401; Hinsdale v. Ins. Co. (76 N. Y. S. 448), 72 App. Div. 180; Sprague v. West, 127 Mass. 471; Crass v. Memphis Co., 96 Ala. 447.   (3)   The claim must be of such a character that plaintiff by payment to appellants would incur a clear legal risk of being also obliged to pay Mrs. Ida R. Wood.   Hastings v. Croffer, 3 Del. Ch. 165; Badeau v. Rogers, 2 Paige Ch. 209; Hechmer v. Gilligan, 28 W. Va. 750; Daniell's Ch. Pr. (2 Am. Ed.), ch. 32.   (4) A bill in interpleader should show an apparent right in each of the claimants.   Varrien v. Berrien, 42 N. J. Eq. 1; Sterling v. Brown, 70 Ky. (7 Bush) 164; Mabro v. Bank, 16 Misc. (N. Y.) 275; Ins. Co. v. Gennett, 2 Tenn. Ch. 82.   (5)   The claim set up in the answer of Ida R. Wood that Dr. Wood was inspired and urged to change his beneficiary by the undue persuasion and influence of appellants, is baseless in law.   National Union v. Hunter, 99 Ill. App. 146; Hoeft v. Supreme Lodge, 113 Calif. 146; Kern v. Legion of Honor, 167 Mo. 471; Taylor v. Hair, 112 Fed. 913; Sabin v. Phinney, 134 N. Y. 423; Titsworth v. Titsworth, 40 Kan. 571.   Influence

gained by kindness and affection is not undue influence. Kischman v. Scott, 166 Mo. 214.

*Brown, Harding & Brown* for respondent.

(1) The bill of interpleader is sufficient, and the judgment of the court warranted by the bill and the evidence.

*George B. Watson* and *James G. Smith* for respondents.

Likewise submitted an argument.

ELLISON, J.—This is a proceeding by a bill in equity to require the defendants to interplead for a certain sum of money alleged to be due from plaintiff to one or the other of defendants. The court sustained the bill and ordered that plaintiff deposit the sum in court and that defendants interplead therefor, and that plaintiff have its costs and $100 attorney fee out of the fund. Defendants Broadwell and Stewart appeal.

It appears from plaintiff's petition that plaintiff issued its beneficiary certificate to one Dr. Wood, payable at his death to his wife, the defendant Ida Wood, for $2,000. That afterwards said Wood procured plaintiff to change such beneficiary, cancel said certificate and issue a new one, for the same sum, with his sisters Broadwell and Stewart, the other defendants, as beneficiaries. That Dr. Wood died and proofs of death were duly made by the latter defendants. That defendant Ida claims the fund, and threatens suit, on the ground that the other defendant by undue influence and persuasion prevailed upon Dr. Wood to make the change of beneficiary and that he was mentally incapacitated to transact business when he procured the change to be made.

1. When it appears that there are conflicting claims to a sum of money owing by the debtor, each with

Vol 100 app—42

a color of, or apparent, right, and the debtor, being disinterested as to the rights of either, would hazard a suit by the other if he paid to either, he may maintain a bill of interpleader.   State ex rel. v. Kumpff, 62 Mo. App. 335; Roselle v. Farmers' Bank, 119 Mo. 84; Sullivan v. Knights of Father Mathew, 73 Mo. App. 45.

2.   While the mere statement in the bill of the existence of conflicting claims, without stating their nature, or upon what they are based, will not be sufficient (Robards v. Clayton, 49 Mo. App. 608; Varian v. Berrien, 42 N. J. Eq. 1), yet when the bill shows these additional requisites, it states a case for the interposition of a court of equity.

3.   It is furthermore true, as shown by defendants, that where the bill shows that one of the claimants is unquestionably entitled to the property or money, and that the other has no valid claim, the bill will not lie. Cross v. Ry. Co., 96 Ala. 447.

4.   But it does not appear from the present bill that one of the claimants is certainly entitled to the money.   It alleges that defendant Ida Wood claims that the certificate in her favor, and which she retained and refused to surrender, was procured to be cancelled and the new one issued by the undue influence of the other defendants, and that her husband, Dr. Wood, was mentally incapacitated for business.   This presented such a case of doubt as to law and fact which justified the plaintiff in calling in the aid of a court of equity.

5.   It has been sometimes suggested that the doubt as to which of the claimants is entitled to the thing claimed by them must be a doubt as to the facts upon which their claims are founded and that a doubt as to the law would not justify an interpleader.   A remark in Supervisors v. Alford, 65 Miss. 63, seems to justify the suggestion.   But when it is considered that the object of a bill of interpleader is to save the debtor or other party in possession of the thing claimed, from the hazard of paying to the wrong party as well as the

harassment of suits, it seems to be clear that a doubt of the law as to the opposing claims should justify a bill for an interplea as well as a doubt of fact. And so it has been decided. Crane v. McDonald, 118 N. Y. 648.

6. The defendants Broadwell and Stewart have filed an elaborate brief endeavoring to show and demonstrate that they are entitled to the money due from the plaintiff society and that the claim of Ida B. Wood, widow aforesaid, is ill founded and without legal support. All that may be true, and yet not affect the question of plaintiff's right to have the interpleas filed and the contest made in court at which time and place all that has been said here as to the merits of the respective claims will receive a hearing and due consideration.

7. The court allowed to the interpleader its costs including $100 as attorneys' fees, all to be paid out of the fund. We think the court acted within the rule in making such allowance. That rule is that when the plaintiff in the interplea has acted in good faith and has grounds upon which to base his call for the interposition of a court of equity requiring the adverse claimants to interplead, he is entitled to his costs out of the fund in his hands or which he may pay into court. And these costs may include an attorney's fee. Louisiana Lottery v. Clark, 16 Fed. 20. The reason of the rule in allowing an attorney's fee in cases of like nature will be found discussed in Trustees v. Greenough, 105 U. S. 527.

8. Objection is made in this case by defendants Broadwell and Stewart on the ground that their claim to the fund is the valid claim. That the claim of Ida Wood is wholly without merit and that they are entitled to the *whole* fund without depletion by costs which they had no part in making necessary. The reply to this is that where the plaintiff in the interplea is the disinterested holder of the fund, he is entitled to the pro-

tection of the court in its payment. That the successful and rightful claimant simply has the misfortune to have his right disputed by a contesting claimant which is the cause of the costs being charged against the fund. But in the end, the whole costs, including that taken out of the fund for the plaintiff, will be charged against the party whose invalid claim caused the proceeding to be instituted. 11 Ency. Plead. and Prac., 475; Tiedeman's Eq..Jur., sec. 573; Farley v. Blood, 10 Foster 373; Michigan Plaster Co. v. White, 44 Mich. 25, 30; Louisiana Lottery v. Clark, 16 Fed. 20; Cowtan v. Williams, 9 Ves. Jr. 107; Hendry v. Key, 1 Dick. 291; Dowson v. Hardcastle, 2 Cox. 278.

Upon the whole record we entertain no doubt but that the judgment should be affirmed. All concur.