## HELMKEN, guardian, *v.* MEYER, guardian, *et al.*

1. In a case of interpleader, in which the holder of a fund asks that the two claimants to said fund be decreed to interplead, and offers to pay said fund into court, the plaintiff is not entitled to an allowance of counsel fees by a decree allowing the interpleader, even though such funds be paid into the registry of the court under such decree.
2. G. M., having a wife and two children, obtained a policy of life-insurance which provided that, on his death, the amount of the insurance should be due and payable "to his wife [naming her], if living, otherwise to his children equally [not naming them], if living, or to the survivors or survivor of them; if none be living, then to said member's legal representatives, or to such other beneficiary as the member shall from time to time designate, with the written consent of the company." This wife having died, G. M. married a second time, and by his second wife had two other children. At his death, the four children survived. *Held,* that the two children not in life when the policy was written were entitled to participate equally in the fund.

Argued July 25, — Decided August 14, 1903.

Interpleader. Before Judge Barrow. Chatham superior court. December term, 1902.

*Osborne & Lawrence,* for plaintiff in error. Where policy not effective till delivery and payment, it is a contract of the State in which delivery and payment are made: 50 Fed. 511; 140 U. S.

226; 52 L. R. A. 117 (27 N. E. 576); 16 S. E. 132. Where one takes a policy on his own life, payable to another, the latter takes a vested interest in the proceeds, from the time the policy is issued: 128 U. S. 206; 58 L. R. A. 440-1-2; 75 *Ga.* 755; 11 Am. St. Rep. 721 (102 N. C. 115, 8 S. E. 919); 87 Id. 497, notes; 49 L. R. A. 737, notes; Joyce, Ins. §§ 828, 853; 3 Am. & Eng. Enc. L. (2d ed.) 980 et seq. Immaterial whether person who pays premium is insured or beneficiary, and that person who procured the insurance remains in possession of policy: 43 Am. St. Rep. 123 (104 Cal. 432, 38 Pac. 87); 44 Am. Rep. 285 (86 Ind. 196); 47 L. T. N. S. 514. Plaintiffs in error, at the death of Amelia W. Meyer, took a vested interest, subject to be divested by their death: 58 L. R. A. 440; 75 *Ga.* 448; 77 *Ga.* 555; 107 *Ga.* 43-45; 115 *Ga.* 897. Insurance policies construed like wills, except that under a will the interest does not vest until the death of testator; it vests immediately on the issuance of a policy: 11 Am. St. Rep. 720-1; 58 L. R. A. 440. Where property is given, granted, or devised to children, or to a class, only those take who are in esse when the interest vests: 107 *Ga.* 102; 104 *Ga.* 126; 86 *Ga.* 709; 79 *Ga.* 382; 62 *Ga.* 265; 15 *Ga.* 203. This rule applies to insurance policies: 11 Am. St. Rep. 721; 23 Atl. 105; 21 N. E. 1025-6; 44 N. E. 531. A life-insurance policy is a chose in action and property, and a beneficiary has the same interest as the payee of a promissory note payable at the death of the insured: 75 *Ga.* 755-7; 52 L. R. A. 122. Insurance company had no right to attorney's fees as part of costs: Civil Code, §§ 3434, 3796, 4724, 4728, 2140, 2824; 71 *Ga.* 291; 95 *Ga.* 147, 150; 100 *Ga.* 479, 485; 109 *Ga.* 586.

*R. R. Richards* and *Adams & Adams*, contra. Attorney's fees to party filing petition for interpleader: 8 Wheat. 268; 35 Am. Dec. 708; 16 Fed. 20. Children not in life when policy written, entitled to participate equally with other children: 38 Am. R. 289 (27 Minn. 193, 6 N. W. 771); 147 Mass. 300; 76 Tex. 293 (13 S. W. 312); 66 Iowa, 325 (23 N. W. 687); 24 Mo. App. 73; 91 Mo. App. 49; 88 N. W. 927 (Wis.); 54 Ala. 688; 64 Ala. 500; 51 Atl. 759 (Pa.); 43 S. E. 504 (N. C.); 33 So. 178 (Ala.); 19 Am. R. 530 (42 Conn. 60); Rich. Ins. § 171; 2 May, Ins. § 399, G; 2 Joyce, Ins. §§ 771, 807; 3 Am. & Eng. Enc. L. (2d ed.) 965 et seq.; 67 Tex. 471 (3 S. W. 703); 77 Va. 173; 115 N. Y. 152

(21 N. E. 1026); 28 Cent. Dig. § 1463; Civil Code, §§ 2093, 2116, 2117, 3103, 3347, 3673; 12 *Ga.* 163; 30 *Ga.* 230; 58 *Ga.* 259; 67 *Ga.* 546; 78 *Ga.* 475; 80 *Ga.* 681; 110 *Ga.* 351, 730; 116 *Ga.* 257; 115 *Ga.* 904, 929; 105 *Ga.* 319, 529; 98 *Ga.* 320; 86 *Ga.* 714; 83 *Ga.* 784; 75 *Ga.* 377, 458, 464; 57 *Ga.* 211; 56 *Ga.* 107; 92 *Ga.* 772; 29 *Ga.* 545; 7 *Ga.* 76, 78; 3 *Ga.* 203; 1 Story's Eq. (12th ed.) § 604 (*a*); 29 Atl. 261 (Pa.); 6 Wall. 475; 2 Jarm. Wills (5th ed.) 704 (2), 709, 712, 696, 700; 3 Id. 579; 2 Wash. Real Prop. (4th ed.) 552 (19); 51 Pac. 629; 50 N. Y. S. 165; 109 Ala. 175 (19 So. 435); 88 N. W. 927 (Wis.); 99 Mo. 338 (12 S. W. 349); 6 Gill, 177 (46 Am. Dec. 664); 18 S. E 101 (N. C.); 68 N. W. 732 (Minn.); 26 Pac. 152 (Col.); 79 Ky. 83 (38 Am. R. 292); 42 S. E. 647, 683 (Va.); 34 Atl. 95 (Conn.); 1 Barb. Ch. 630 (45 Am. D. 420); 11 Paige, 185 (42 Am. Dec. 109).

TURNER, J. On August 27, 1902, the Hartford Life Insurance Company filed, in the superior court of Chatham county, a petition for interpleader against Mary Helmken, as guardian of Walter R. and George H. Meyer (minor children of George Meyer, deceased), and against Catherine Meyer, as guardian of Catherine A. Meyer and Lucy A. Meyer, also minor children of the deceased, George Meyer. This petition was based upon the following allegations of fact: The Insurance Company, on December 24, 1896, issued to George Meyer, the father of the four children above mentioned, a policy on his life. This policy was made payable, on his death, "to his wife, Amelia W. Meyer, if living, otherwise to his children equally, if living, or to the survivors or survivor of them; if none be living, then to said member's legal representatives, or to such other beneficiary as the member shall from time to time designate, with the written consent of the company." At the time of the issuance of this policy, Meyer had two sons living by his said wife, Amelia. After the issuance of the policy, but before the death of the insured, Amelia W. Meyer died, leaving surviving her said two minor sons, Walter R. and George H. Meyer, they being the only children of the marriage between her and George Meyer. Shortly after her death, he intermarried with Catherine Meyer, and subsequently, on the 9th day of April, 1902, died, leaving surviving him, as the children of the marriage between himself and his second wife, Catherine A. and Lucy A. Meyer, both minors. On April 18, 1902,

Catherine Meyer was appointed the guardian of the persons and property of these two children. On the 14th day of May following, Mary Helmken was appointed guardian of the persons and property of Walter R. and George H. Meyer, the two minor sons of the first marriage. Although ready and desirous of paying the full amount due on the policy to such person or persons as might be entitled to collect the same, the insurance company alleged that it was embarrassed by the fact that Mary Helmken claimed that the entire fund was payable to her, as guardian of her two wards, they being in life when the policy was taken out and also at the time of the death of their mother, Amelia W., whereas Catherine Meyer, as guardian of the two minor children of the second marriage, claimed that they were entitled to share equally with the two minor children of the first marriage, and to receive one half of said fund; that the policy was in the possession of Catherine Meyer, the surviving wife of George Meyer; that the insurance company was unable to bring about an adjustment of the matter, as between the two adverse claimants of the fund; and that it stood ready and willing to pay said fund into the registry of the court, to be disposed of as the court might direct. The petitioner prayed that these claimants be compelled to interplead under order of the court, submit their respective claims to this end, and be enjoined from prosecuting separate suits against petitioner. The insurance company further prayed that it might " be allowed, out of the said fund, its costs and expenses, including a reasonable attorney's fee."

The defendants to this petition were cited to appear before the court on the 2d day of September, 1902, and show cause why they should not be required to interplead as prayed for; and on the day last named, the court, at chambers, by an interlocutory decree ordered that the consideration of the question of requiring the defendants to interplead be postponed to the appearance term, to wit: the December term, 1902, of the court; and that in the meantime the defendants be restrained from instituting any actions, separate or joint, against the insurance company for or on account of the policy issued by it, or any rights growing out of the same; and that they take no further steps looking to the collection of the money claimed to be due, until the further order of the court. It was further ordered that the money due on the policy of insur-

ance be paid into the registry of the court; and the record before us discloses that this fund was in fact thereupon delivered into the custody of the court, and properly deposited in bank. On December 3, 1902, Mary Helmken, in her capacity of guardian, filed a demurrer to the petition and also an answer thereto. One of the grounds of the demurrer was, that, under the facts set up in the petition filed by the insurance company, it had "no right in law to an allowance of counsel fees in said case." The demurrer embraced another ground; but as it was subsequently abandoned by counsel for Mary Helmken, the same need not be stated. In her answer she admitted that the allegations of fact set forth in the petition as to the issuance of the policy, the death of George Meyer after his second marriage, the birth and survivorship of the four children mentioned, etc., were true, but denied that there was any question as to the legal right of her wards, under the facts stated, to receive the full amount due on the policy, her contention being, that, immediately on the issuance of the policy, Amelia W. Meyer, the first wife of the insured, took a vested interest therein, subject to be divested only by her death prior to the decease of her husband, George Meyer; that instantly upon her death, during the lifetime of the insured, his two minor sons, the only children then in life, took a vested interest in said policy subject to be divested by their death, but in no other manner; and that accordingly, as soon as their mother died, they took, under the terms of the policy and under the law, the sole and entire interest in the policy, to the exclusion of any afterborn children which their father, George Meyer, might have by a second wife. The defendant, Mary Helmken, also insisted in her answer that there was no necessity for an interpleader, and that the insurance company should not have drawn her into litigation; but, with a view to facilitating a speedy determination of the issues involved, expressed a willingness to have these issues submitted to his honor below at the December term of the court, then in session, the same to be determined by him without the intervention of a jury.

On January 16, 1903, Catherine Meyer, as guardian of the children of the second marriage contracted by George Meyer, filed an answer to the petition for interpleader, admitting the facts to be as therein stated by the petitioner, and conceding its right to call on her to interplead with her codefendant. She insisted, however,

that her wards were entitled to share equally in the proceeds of the policy with the two minor sons represented by Mary Helmken, who had succeeded Adolph Meyer as their guardian, and who had immediately made a demand upon the insurance company for the whole of the fund, thus bringing about the necessity of the interpleader and being responsible for the litigation, as claimed by the insurance company. On the 17th day of January, 1903, the court entered up a decree to the effect that the petition for interpleader was properly filed; that the case stated was a proper one for interpleader; and that as the insurance company had, under order of the court, paid into the registry of the court the fund in controversy, the defendants, as guardians of their respective wards, should interplead and set up by their answers their respective claims to said fund. It was further ordered that the plaintiff be dismissed and discharged from any further prosecution of the case and be relieved of any further responsibility or liability in the premises or costs of court, and that "the sum of one hundred (100) dollars be paid to the attorneys for the plaintiff as a fee for filing this petition for interpleader and bringing about an interpleader between the parties, this sum to be paid out of the said fund in the registry of the court." Counsel for Mary Helmken objecting to the allowance of counsel fees to the insurance company out of the fund in the registry of the court, the court overruled the demurrer setting up that objection, and said guardian filed exceptions pendente lite. The case was called for a hearing on its merits on January 28, 1903, during the regular December term of the court, which was the appearance term of the case, under an agreement between the parties that the presiding judge should then hear the case without the intervention of a jury, passing upon and determining all questions, both of law and of fact. Evidence was introduced, establishing all the material allegations set forth in the petition for interpleader; and, after hearing argument from counsel for the respective parties, the presiding judge ordered and decreed that the fund in controversy be divided equally amongst the four minor children of George Meyer, and accompanied this decree with a learned and able opinion. A bill of exceptions was then sued out by Mary Helmken in her representative capacity, wherein she assigned error upon the ruling of the court as to the right of the insurance company to counsel fees, and in which she excepted to the

decree that the fund should be distributed in the manner above stated.

1. In the case of *Meldrim* v. *Trustees of Trinity Church*, 100 *Ga*. 479, 485, the Chief Justice rendering the opinion, the following careful statement is made : "Whether counsel who file a bill of interpleader are entitled to fees out of the fund in the hands of the person who files the bill or whether that person must pay his own counsel we do not now decide, but leave this matter to be passed upon, in the light of this decision, by the learned judge below." We are unable to find, either in the decisions of this court or in those of any other court having similar laws on the subject of fees and costs, any distinct authority for the allowance of counsel fees to the plaintiff, or counsel, in a case of interpleader. Nor can we suggest any sufficient reason for such an allowance. The plaintiff, in such a case as the present, does not raise the fund by his diligence, nor do counsel bring it into court from some other source for the benefit of the parties called on to interplead. On the contrary, the fund is admitted to belong to the one or the other of the parties defendant, or to both, and the payment of it would seem to be no more than the duty of the plaintiff. The decree sought by the plaintiff in an interpleader is for his own benefit and protection. We therefore hold that the court below erred in allowing to the insurance company the sum of one hundred dollars as counsel fees, and will direct that the decree be corrected to that extent.

2. We have carefully considered the able argument of the learned counsel who represented the guardian of the children of George Meyer by his first wife; but we are constrained to believe that the beneficiary clause of the policy was intended to, and did, include the children of both marriages. If he had had children born to him by his first wife after said policy of insurance issued, they would certainly be admitted to participate in said fund ; and we think that the natural and proper construction of said clause would embrace all who should be " his children " living at the time of his death. As counsel for the defendants in error insisted: " The provision was for a class as they might exist at the time of his death, and the children of the second marriage belong to that class as completely as those of the first." This view is in harmony, we respectfully submit, with the established policy of the State. This

court, in the construction of deeds as well as wills, has often held that merely doubtful words will not be permitted to exclude heirs at law.    The same tender regard for heirs at law is manifest in our statute which provides that the birth of a child subsequently to the making of a will in which no provision is made in contemplation of such event, shall operate to revoke the will.    These principles of law seem to enter into our system of law, and ought to have great weight in the construction of this contract of insurance.    If technical or artificial construction may be invoked in aid of so natural a construction, it may be added that the word " survivors " would imply that other children than the two in life at the date of the policy were contemplated, as there could not be *survivors* of those two.    We therefore concur with the learned judge of the court below in the opinion that this insurance fund should be divided equally amongst the four children who survived the insured.

*Judgment affirmed, with direction.    All the Justices concur.*