## Modern Woodmen of America v. Anna M. Conner et al.

1. BILL OF INTERPLEADER—*power of court to allow solicitor's fees.* It is not within the power of the court to allow to the complainant in a bill of interpleader solicitor's fees for the preparation and filing of such bill, etc.

2. BILL OF INTERPLEADER—*power of court to allow costs.* Where the tender made by the bill is without reservation to pay the entire sum, the court will direct its full payment into court and order that the costs be taxed in favor of the complainant and paid in the usual way.

Bill of interpleader. Appeal from the Circuit Court of Vermilion county; the Hon MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

DWYER & DWYER, for appellant; TRUMAN PLANTZ, of counsel.

O. M. JONES and ARTHUR R. HALL, for appellee, Charles F. Conner.

Mr. Presiding Justice Ramsay delivered the opinion of the court.

The Modern Woodmen of America, a fraternal beneficiary society organized under the laws of the state of Illinois, filed its bill of interpleader in the Circuit Court of Vermillion county against Anna M. Conner and Charles F. Conner, in which it admitted its liability upon a benefit certificate for the sum of $2,000 payable upon the death of one James B. Conner and stating that the fund was claimed by each, Anna M. Conner, wife, and Charles F. Conner, brother of the deceased, and in the prayer of the petition asked that said wife and brother of the deceased be required to interplead in said cause, and that upon payment of said sum by said petitioner into court, it be discharged from all further liability and that it be permitted to retain from said sum of $2,000, its costs, including reasonable solicitor's fees.

A hearing was had and the prayer of the petition granted so far as to require an interpleader between Anna M. and Charles F. Conner, but the court refused to allow the petitioner any solicitor's fees and directed that petitioner pay to the clerk of the court the sum of $2,000, and upon payment thereof that it be dismissed from the case with its legal costs as taxed by the clerk. The society appealed.

Two questions are presented by this record for our consideration: First, did the court err in refusing to allow the petitioner its reasonable solicitor's fees for preparing and presenting its petition for interpleader? and second, did the court err in not allowing petitioner to retain its costs instead of directing the clerk to pay such costs to petitioner as taxed?

Upon the first proposition we hold that costs are matters purely of statutory regulation and that the courts have no power to allow or adjudge them upon equitable grounds alone.

In the case of Chapin v. Dake, 57 Ill. 295, the Fifth National Bank of Chicago filed a cross-bill averring its

readiness to pay certain drafts to the lawful owner, but alleging that there were several claimants and prayed that said parties interplead and settle the ownership.

The trial court thereupon allowed such bank $100 for its solictior's fees; this the Supreme Court said was error; that said bank should not have been allowed solicitor's fees, but only its costs.

In the case of Wilson v. Clayburgh, 215 Ill. 506, the court said: "It has been repeatedly held in this state that nothing can be allowed and taxed as costs by the clerk or the court, but items of costs designated by statute to be so allowed and taxed. The only exception to this rule in this state is in cases brought by trustees for the construction of wills, where a will is so ambiguous as to make it necessary to go into a court of chancery to obtain a construction thereof, in which class of cases the costs of the litigation must be borne by the estate."

Upon the second proposition it will suffice to say that the bill contained the following allegations: "That it (the society) now holds said sum of $2,000 and is ready and willing, and ever has been since, etc., to make payment when the same can be safely done, and now offers to pay the same into court, or make payment of same to the person the court shall direct after rights of adverse claimants have been determined by decree of court." The bill contains no averment upon this subject that in any way qualifies this offer upon the part of the society to bring into court the full amount of $2,000 and submit such entire sum to the court for its disposition.

While it may be true, as contended by appellant, that it is entitled to have its costs "out of the fund" in dispute, yet the court having full control of that fund can properly order its payment through or by the clerk of the court who is the proper officer to tax such costs.

The decree was right and is affirmed.

*Affirmed.*