CHICAGO—FIRST DISTRICT—MARCH, 1915.     229

Metropolitan Life Ins. Co. v. Kinsley et al., 192 Ill. App. 229.

## Metropolitan Life Insurance Company, Appellant, v. William I. Kinsley and J. F. Corbett, Appellees.

### Gen. No. 20,772.

INTERPLEADER, § 19*—*when attorneys' fees not allowed.* No solicitor's fees will be allowed to a party filing a bill of interpleader, but only his costs.

Appeal from the Superior Court of Cook County; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL, of counsel.

No appearance for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

The only question we are called upon to determine upon this appeal is whether the chancellor in the exercise of his general equitable powers may allow solicitor's fees to a party filing a bill of interpleader. This court is already on record that such fees cannot be allowed. In *Delta & Pine Land Co. v. Sherwood,* 187 Ill. App. 167, in considering this same question, we referred to the opinion of the Supreme Court in *Chapin v. Dake,* 57 Ill. 295, which considered the allowance of a solicitor's fees to a bank filing a cross-bill of interpleader, in which opinion the court said: "On the cross-bill of the Fifth National Bank, it should not have been allowed $100 solicitor's fees, but only its costs. It should have paid an additional $100 into court"; and in the opinion of this court we proceeded to say: "The rule that an interpleader cannot be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

allowed solicitor's fees is clearly stated in the case cited, and the rule so stated has not been modified by any subsequent decision of the Supreme Court. The rule in this State is that the court cannot allow a solicitor's fee in the absence of a statute authorizing it to do so. This was the rule in partition cases before the statute of 1869. *Adams v. Payson,* 11 Ill. 26; *Eimer v. Eimer,* 47 Ill. 373; *Campbell v. Campbell,* 63 Ill. 502. See also *Constant v. Matteson,* 22 Ill. 546; *Wilson v. Clayburgh,* 215 Ill. 506; *Modern Woodmen of America v. Conner,* 129 Ill. App. 652. The practice of allowing to an interpleader solicitor's fees has been common in the courts of this county, but on the authority of *Chapin v. Dake, supra,* we hold that there is no authority for making such allowance." Subsequently application was made to the Supreme Court for a writ of certiorari in this case, which application was denied, making our opinion final.

The decisions in cases in other states do not persuade us to alter our opinion as above expressed.

Consequently we hold there was no error in the order of the chancellor herein refusing to allow solicitor's fees to the complainant filing the bill of interpleader, and the order is affirmed.

*Affirmed.*