Inter-Southern Life Insurance Co. *v.* Harry McDaniel, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed July 20, 1929.

H. H. LANNON, for complainant, appellee.

FENNER HEATHCOCK and W. M. MILES, for defendant, appellants.

MR. JUSTICE CHAMBLISS, delivered the opinion of the Court.

This is a bill of interpleader, admitted by the answer and decreed to have been properly filed as such. The fund, being the proceeds of an insurance policy, in the net sum, with interest to filing of the bill, of $2,559.13, was paid into the Court. The parties composed their differences and a Court decree was entered providing for distribution of the fund among the various claimants and for payment of the costs from the fund, but the defend-

ants excepted to an allowance made by the Chancellor of $100 as a fee to the solicitor filing the bill and have appealed. The rightfulness of this allowance is the sole question here.

The Chancellor followed *Memphis Cold Storage Co.* v. *Woodson*, 1 Tenn. App., 340, and counsel for appellee insists that his holding is supported also by *Daniel* v. *Fain*, 73 Tenn., 258. In the Memphis Cold Storage Company case, the insistence was that the fee should not be allowed because the litigation was unnecessary, to which the Court did not agree. Finding that the bill was properly sustained as a bill of interpleader, the Court said, "We think it well settled that the complainant filing the bill of interpleader is entitled to recover against the defendants reasonable solicitor's fees,"—that the question of the amount only was then left open. No authorities are cited. Woodson had stored pecans with the Storage Company and taken its warehouse receipt. He sold a portion of the pecans to the Texas Pecan Shelling Company and a controversy arose between the parties over the goods. In this situation the bill was filed.

In *Daniel* v. *Fain, supra,* relied on for appellee, Fain was trustee of the fund under a will, and filed his bill for instruction of the Court in administration of his trust, etc. The bill was not a strict bill of interpleader, but in the nature thereof only, as said by Judge Cooper. Fain was clearly entitled to his expenses as trustee, including his counsel fees thus incurred. But the rule applicable to the administration of trusts created by wills does not authorize allowances to counsel filing interpleader bills generally.

Moreover, we think it clear that the right to counsel fees does not necessarily follow a finding that the bill

has been properly filed as an interpleader. More must appear. The particular facts of the case control, including the relationship of the parties and the responsibility for the conditions and controversy. In the *Fain case, supra,* the complainant was not a volunteer stakeholder nor a simple debtor. The original owner of the fund had by will devolved upon him a trust, which he could not be required to discharge, if in doubt, without the instructions of the Court. The fund was properly chargeable with his expenses. This rule is universal.

The justification for the deduction from the fund in the Memphis Cold Storage case appears to rest on the fact that the party who stored the pecans and received the receipt so acted as to cast doubt on his claims, and being thus responsible for the controversy and the filing of the bill, the charge against the fund was justified.

An analysis of apparently conflicting holdings touching this right and practice suggests, as above indicated, that it is not the sustaining of a bill as an interpleader which, *ipso facto,* justifies allowance of fees to complainant's solicitor, but a showing in the particular case of persuasive basic facts.

Counsel for appellants rely on the following decisions refusing such allowances: *Helmken* v. *Meyer,* 118 Ga. 657; *Knights of Honor* v. *Selby,* 153 N. C., 203, 69 S. W., 53; *Temple* v. *Lawson,* 19 Ark., 148; *Modern Woodmen* v. *Conner,* 129 Ill. App. 651; *Metropolitan Life Ins. Co.* v. *Kinsley,* 192 Ill. App. 229 (which purports to quote from and follow *Chapin* v. *Dake,* 57 Ill., 295); and *Insurance Co.* v. *Corbin,* 12 Phila., 257.

It is urged, also, that Tennessee has no statute authorizing such allowances, and that no precedent therefor is found in the holdings of this Court; that on the

contrary the practice is, as set forth in *State Fur. Co.* v. *Gennett*, 1 Tenn. Chy., 100, when the bill is found to be properly filed, to dismiss the complainant with his costs, such ''costs'' never including fees to counsel in this jurisdiction, whatever the term may have embraced under the English practice.

It. is apparent that some of the confusion in the authorities arises out of the varying effect given the term ''costs.'' Quite generally costs are allowed the complainant filing a proper interpleader, and, citing the rule thus expressed, some of the courts have proceeded to allow counsel fees. It must be conceded that the right to allow costs does not, under our practice, of itself include the right to allow fees to counsel. In Daniels Chy. P. & P. (5 Ed.), Vol. II, p. 1493 (Judge COOPER's revision) it is said: ''Where the plaintiff has brought a bill of interpleader, properly and in good faith against both the defendants, he will be entitled to his costs both in equity, and at law where he has been sued, out of the funds in his hands,'' etc., citing authorities. The distinction between costs, as the term is used in our statutes and practice, and solicitor's fees is not discussed.

After stating the rule as to costs generally, in 33 Corpus Juris, p. 470, it is said that, ''According to many authorities, complainant is entitled, as a part of his costs, to an attorney's fee commensurate with the services of his counsel in the cause, eventually to fall on the claimant who was in the wrong and made the litigation necessary.'' We have examined most of the numerous cases cited in the note. Some of them rest on controlling statutes, and, of course, are not authority beyond their jurisdiction, for example, *Phoenix Ins. Co.* v. *Carey*, 80 Conn., 426, 68 A., 993. Some were suits brought

for construction of trusts arising under wills, or otherwise, as for example, our case of *Daniel* v. *Fain, supra, Morse* v. *Stearns,* 131 Mass., 389, and the leading case of *Trustees* v. *Greenough,* 105 U. S., 627, 26 L. Ed., 1157. This case is perhaps most commonly cited for the rule allowing a fee from the fund for filing a bill of interpleader. But that proceeding related to a trust. It was said in the opinion that, "it is a general principle that a trust estate must bear the expenses of its administration." Reference is made to the rule applied in general creditors' suits where a fund has been realized or conserved by the diligence of the plaintiff. Quite properly participants in the benefits are required to contribute from the fund their proportion of the expenses. *Morse* v. *Stearns, supra,* was a bill by an executor to have determined an ambiguity of a will. The Court held that, "the difficulty having been created by act of the testatrix," the costs as between solicitor and client should come out of the general estate.

In *Louisiana Lottery Co.* v. *Clark,* 16 Fed. 20, two parties claimed ownership of a lottery ticket and ignorant of the facts the Company interplead. The result showed the claimants to have equal claims, which they adjusted between them. The Court held the Company without fault and entitled to its counsel fees. Analogy to the case of a trust fund (which we fail to find) was suggested, citing *Trustees* v. *Greenough, supra.*

*Thomas Kay Woolen Mill Co.* v. *Sprague,* 259 Fed., 338, called for the construction of a will in determining the rights of conflicting claimants to corporate stock. The bill was sustained as in the nature of an interpleader and the solicitor's fee was allowed.

In two of the cases cited, as in the case at bar, insurance companies interplead as between contending claimants and the solicitors' fees were allowed. In *Mutual Life Insurance Co.* v. *Lane,* 151 Fed., 276, the proceeds of the policy were claimed by the executors, and also by an alleged assignee of the policy. A substantial and real controversy was involved. The rights of the assignee to the extent of his advances were conceded. The order for the allowance of the fee does not appear to have been contested. But it may well be justified on the principle that the doubt and dispute had resulted from the act of the insured, not from any ambiguity in the policy contract, and his beneficiary was on this ground properly chargeable with the expense of its settlement. It is on this theory that the allowance in the instant case may be most plausibly rested.

The second case is *Pettus* v. *Hendricks,* 113 Va., 326. Its decision may be referred to the same principle. The insured took steps to have the beneficiary named in his certificate in the Firemen's Relief Association changed without returning the certificate. He died after making the request and while the certificate remained in the hands of the beneficiary originally named therein, to whom the Court awarded the proceeds. The Court, finding the Association without fault, and in a condition of doubt as to its liability for which the insured was responsible, allowed a fee to its counsel filing the bill of interpleader, citing 2 Daniels Ch. Pr. (5 Ed.), 1570; Pomeroy's Eq. Rem., Sec. 59; *Miller* v. *Watts,* 4 Duer (N. Y.), 203; *Canfield* v. *Morgan,* 1 Hopkins Ch. (N. Y.), 222; *Woodmen of World* v. *Wood,* 100 Mo. App., 655, 75 S. W., 377, and *Swiger* v. *Hayman,* 56 W. Va., 123, 48 S. E., 839, 107 Am. State Rep., 899.

The last mentioned case (*Swiger* v. *Hayman*) is an example of a class of cases as to which, on a sound principle, the right to the allowance may clearly rest. The defendants had by agreement between them made the complainant their stakeholder. He was placed by them in a position of trust. Two parties deposited with a third, certain funds to hold pending the carrying out of a contract between them, to be paid over to one or the other in named contingencies. The parties disagreed as to performance of the contract, and the stakeholder, being forced to seek relief and protection, filed his bill. Quite justly he was allowed the necessary expense of his counsel fees.

*Canfield* v. *Morgan, supra,* was another lottery ticket dispute in which the original purchaser had so dealt with the ticket as to involve in complication and doubt the rights of the parties. In other words, the parties claiming the proceeds were themselves directly responsible for the condition which called for the filing of the bill. However, the opinion makes the allowance for "costs" only, and does not discuss, or expressly include, fees to counsel.

*Woodmen of the World* v. *Wood,* 100 Mo. App., 655, 75 S. W. 377, is a case allowing the fee and stating broadly the view that when the plaintiff has acted in good faith and has good grounds for bringing his interpleader bill, he is entitled to his solicitor's fees.

Turning to an examination of the decisions against such allowances relied on by appellant, we find that *Helmken* v. *Meyer, supra,* was a bill of interpleader filed by Hartford Life Insurance Company, in which, although the bill was sustained, the Supreme Court of Georgia

declined to allow the fee decreed by the trial Court, saying:

"We are unable to find, either in the decisions of this court or in those of any other court having similar laws on the subject of fees and costs, any distinct authority for the allowance of counsel fees to the plaintiff or counsel in a case of interpleader. Nor can we suggest any sufficient reason for such an allowance. The plaintiff, in such a case as the present, does not raise the fund by his diligence, nor do counsel bring it into court from some other source for the benefit of the parties called on to interplead. On the contrary, the fund is admitted to belong to the one or the other of the parties defendant, or to both, and the payment of it would seem to be no more than the duty of the plaintiff. The decree sought by the plaintiff in an interpleader is for his own benefit and protection. We therefore hold that the court below erred in allowing to the insurance company the sum of $100 as counsel fees, and will direct that the decree be corrected to that extent."

This is a clear and emphatic repudiation of the right. And the facts of the case are similar to those of the instant case,—differing, however, in this important, as it seems to us, element: In the case at bar the complication which justified the bill did not arise out of any defect or ambiguity in the contract of insurance calling for court construction, as was the case in *Helmken* v. *Meyer,* and for which the insurer who interplead was itself responsible; but arose out of and was attributable solely to apparently conflicting assignments or transfers to secure different parties and debts made by the insured, the validity and priorities of which were contested by and between the administrator, widow and

these creditors of the insured. A distinction may well be taken, as bearing directly on the right to the allowance of such a fee, between a case where the claimants of a fund, or those through whom they claim, have brought about the necessity for an interpleader, and one wherein they are in no manner responsible for the conditions.

*Knights of Honor* v. *Selby, supra,* was also a bill by an insurance company in which the fee was denied. While the North Carolina Court appears to have put its decision on the ground that there was neither statutory authority nor practice precedent in that State for such an allowance, except where the execution of a trust was involved, the bill of interpleader on its face showed that one set of the claimants made defendant were clearly entitled to the fund, so that the award thereof was made to them on the pleadings alone. No case for an interpleader was made out on the face of the bill and the trial Court on demurrer might well have dismissed the bill, as suggested by the Supreme Court in its opinion. Now on this state of facts the interpleader was clearly not entitled to maintain the bill, much less to fees or even ordinary costs. The case is to be thus distinguished from the one at bar.

*Temple* v. *Lawson, supra,* is an early case in which the Supreme Court of Arkansas declined to allow a fee to complainant for his solicitor in an interpleader. The Court held both that the application came too late, several years after he had been discharged, and also that such allowances were proper only in cases of fraud on the part of the defendants. This case, together with the others hereinabove listed as relied on for appellant, is cited in a note in 33 C. J., p. 470, for the minority rule limiting such allowances to cases of fraudulent conduct

by the claimants. The English case of *Dunlap* v. *Hubbard,* 19 Ves., 205, followed by the Arkansas Court does not, it seems to us, warrant the use made of it. Indeed, it is, no doubt inadvertently, materially misquoted. The Arkansas opinion quotes the Lord Chancellor as saying, "I do not recollect a single instance where an interpleader has been allowed his attorneys fees." This would seem quite decisive. But what the Lord Chancellor said was that, "he did not recollect an instance of costs given upon a bill of interpleader *except as between party and party,* according to the course of the Court," (italics ours), citing *Dawson* v. *Hardcastle,* 1 Ves., 389, wherein the Lord Chancellor had said, "Upon an interpleading bill the plaintiff is to have costs; but I never knew of an instance of giving costs as among the defendants. The plaintiffs in this case are mere stakeholders," and they were allowed costs. It will be seen, first, that it was *costs* only that were involved, and, second, that what these great English jurists were disclaiming knowledge of was the allowance of costs to parties defendant in such a proceeding.

Two opinions of the Illinois Court of Appeals are relied on, cited above, *Modern Woodmen* v. *Conner,* and *Metropolitan Life Ins. Co.* v. *Kinsley.* They both follow *Chapin* v. *Dake,* 57 Ill., 295. But in this leading case in that State the allowance was denied to a bank, an original defendant in a suit brought by Dake, against whom Dake recovered a judgment. The bank had filed a cross-bill seeking to interplead. The Supreme Court reversed the decree as to the allowance, without statement of grounds or citation of authorities, in these words: "On the cross-bill of the Fifth National Bank, it should not have been allowed $100 solicitor's fees, but

only its costs. It should have paid an additional $100 into Court.'' Whether its discretion was controlled by equities on the facts, or whether by the position of the party as an original defendant, a debtor involuntarily brought into Court, does not appear.

This rather extensive review leads to these conclusions:

1. That while conflict exists, the weight of authority is in favor of the allowance in proper cases of reasonable solicitors' fees for the filing of bills of interpleader.

2. That such allowances are not of right, but are in the sound discretion of the Court, and are not to be made unless a clear necessity demanded the filing of the bill. See *Bedell* v. *Hoffman*, N. Y. Chy., 2, page 199.

3. That, except where the interpleader seeks aid or instruction in execution of a trust, or has been placed in a position of stakeholder by purposeful action of the claimants of the fund, to be entitled to his solicitor's fees, he must not only be free from blame or responsibility for the complication which calls for this remedy, but it must appear that those beneficially entitled to the fund, or those through whom they claim, have in more or less degree been so responsible.

As already suggested, on the facts of the instant case the condition last mentioned obtains. The complication and embarrassment which justified the filing of this bill was the result of the financial manipulations of the insured touching his policy, which involved in doubt the issue of the complainant's liability. The complainant Insurance Company was, therefore, entitled to bring the fund into Court, and have decreed to it, not alone protection from conflicting claims, but its reasonable costs and expenses incurred in so doing.

■ Counsel for appellant also make the question that the pleadings do not authorize the allowance of solicitor's fees, and rely on the well recognized rule that there must be both allegations and proof to justify relief. We think it clear that when the allegations of the bill sufficiently stated a case of interpleader, under such circumstances as to fix responsibility on the defendants for the filing of the bill, a case was incidentally stated for the allowance of the fee. Nor was it necessary for a specific prayer for the allowance. The allowance is in the nature of cost, and is a mere incident of the general relief included in the prayer therefor.

The judgment is affirmed.