[No. 2371]

# PAT MOONEY AND DESERT PRODUCE COMPANY (A CORPORATION), RESPONDENTS, v. S. H. NEWTON, APPELLANT.

[187 Pac. 721]

1. APPEAL AND ERROR—EXCEPTIONS MUST BE TAKEN AT TIME RULING IS MADE TO ENTITLE PARTY TO REVIEW.

When an exception is necessary to a ruling of the court, it must be taken when the ruling is made, unless by permission of the court it is allowed to be taken at a later time.

2. APPEAL AND ERROR—ORDER SETTLING BILL OF EXCEPTIONS NOT ORDER ALLOWING EXCEPTIONS TO BE TAKEN.

An order of the court settling a bill of exceptions is in no sense an order allowing exceptions to be taken at that time.

3. APPEAL AND ERROR—BILL OF EXCEPTIONS NOT SETTING OUT MATTER RULED ON INSUFFICIENT.

A bill of exceptions not setting out the matter on which the ruling was made is insufficient; a mere reference to other parts of the transcript being insufficient.

4. COURTS—DISTRICT COURT HAS JURISDICTION OF SUIT IN INTERPLEADER INVOLVING LESS THAN $300.

Under Civ. Prac. Act, sec. 63 (Rev. Laws, 5005), the district court·has jurisdiction of an action in interpleader, although the amount involved is less than $300, such suit being equitable, and district courts having original jurisdiction in all chancery cases.

5. INTERPLEADER—PLAINTIFF ENTITLED TO COSTS OUT OF FUND DEPOSITED.

In an action in interpleader under Civ. Prac. Act, sec 63 (Rev. Laws, 5005), the plaintiff, if the interpleader is granted, is entitled to his costs out of the fund deposited in court, to be ultimately paid by the unsuccessful party, and the defendant not in fault is entitled to a decree against the other defendant for the costs so taken out of the fund, as well as his own costs.

6. INTERPLEADER—PLAINTIFF NOT ENTITLED TO ATTORNEY FEE AS COSTS.

The plaintiff in an action in interpleader, if the interpleader is granted, is not entitled to an attorney fee to be paid by the losing party; the allowance of an attorney fee being a subject of statutory regulation.

7. APPEAL AND ERROR—DEFENDANT CANNOT COMPLAIN OF ERRORS AFFECTING CODEFENDANT ONLY.

A defendant appellant cannot on appeal complain of an error affecting a codefendant only.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Interpleader suit by Pat Mooney against the Desert

Produce Company and S. H. Newton. From an adverse judgment, the last-named defendant appeals. **Affirmed. Petition for rehearing denied.**

*O. H. Mack* and *C. L. Richards,* for Appellant.

*H. R. Cooke* and *Frank T. Dunn,* for Respondents.

By the Court, DUCKER, J.:

The respondent Pat Mooney brought an interpleader suit in the district court of Nye County against Desert Produce Company, a corporation, C. Craig and S. H. Newton and Henry Martin. The substance of the complaint appears in the following statement: On December 8, 1916, plaintiff made and delivered to defendant Craig two promissory notes of $100 each, with interest at 12 per cent per annum, and on the 11th day of September, 1917, said notes were overdue and still in the possession of Craig. The defendant Desert Produce Company on the last date mentioned served upon plaintiff at Tonopah, Nevada, a writ of garnishment against the money owing by plaintiff to said Craig upon the notes, which writ issued out of the district court of the Fifth judicial district of the State of Nevada in and for Nye County, in an action brought by the said company against the said Craig. Shortly thereafter one of the defendants, Henry Martin of Tonopah, Nevada, made a demand upon plaintiff for the payment of said notes to him, which demand was refused for the reason that the sums due upon the promissory notes had already been attached. On the 21st day of June, 1918, an action was commenced in the justice's court of Reno township, Washoe County, Nevada, entitled S. H. Newton v. Pat Mooney, wherein said Newton alleges that he is the owner and holder of said notes. On said last-mentioned date Newton caused a writ of attachment to issue out of said justice's court and to be delivered to the constable of Tonopah township, Nye County, Nevada, who

did then and there on the 25th day of June, 1918, levy upon and attach the property and effects of respondent. Respondent further alleges in his complaint that he has no beneficial interest in or claim upon the sums of money due upon said notes, and was ready and willing on the 11th day of September, 1917, and at all times thereafter, to take up and pay said notes, but does not know to which of said claimants he ought of right to pay the money due thereon and cannot safely pay the same to any one of them without hazard to himself; that he is ready and willing and does herewith tender to and deposit with the clerk of the said district court said full sum of $200 as principal due upon the notes, and the sum of $18 as interest from the date thereof to September 11, 1917, the date upon which the said sums of money were first attached by the Desert Produce Company, to be subject to such further orders or disposition as the court may deem meet and proper to make in that behalf; that this suit is not brought by collusion with either or any of the defendants.

The prayer asks judgment and decree; that defendants be restrained by injunction from further prosecuting or instituting proceedings or process against respondent in relation to said sums of money; that they be required to interplead concerning such claims and set forth their several titles, and settle and adjust their demands between themselves; that the clerk of said district court, or some other suitable person, be authorized to receive and hold said money pending such litigation, and also to demand and receive said notes and deliver the same to respondent; that he be discharged from all liability in the premises; that he be paid his costs out of said sum of money; and for general relief.

The Desert Produce Company answered. After admitting most of the allegations of the complaint, for a further answer and affirmative defense and by way of cross-complaint against the respondent and its

codefendant, it alleges, in substance, the commencement of an action against its codefendant, Craig, in said court on the 8th day of September, 1917, and the recovery of a judgment against him in the sum of $8,854.96 on the 18th day of April, 1918; that during the pendency of the action a writ of attachment was duly issued and levied on all of the right, title, and interest of Craig in and to the said promissory notes; and that a writ of garnishment was duly served upon respondent Mooney, and return made thereto by him to the substance and effect that he was personally indebted to Craig in the sum of $200 upon said promissory notes which were then due and ready to be paid; that after the rendition and entry of judgment an execution was duly issued to the sheriff of the county, which was levied by him and demand made on respondent for the payment of said $200 and accrued interest, who refused to pay the same on the ground that the said promissory notes were not delivered up for cancelation; that said judgment still remains in full force and effect and unsatisfied to the amount of $7,822.96; and that the company was entitled to have payment of said $200 and accrued interest thereon made to the sheriff of the county to be applied in satisfaction upon said judgment. Judgment is demanded that the codefendants be adjudged to have no right, title, interest, or claim in or to said $200 or accrued interest or the notes evidencing said indebtedness; that said notes be ordered delivered to the clerk of the court for cancelation and surrender to respondent Mooney upon the payment by him to said sheriff of the money due on such notes; and for other relief.

A demurrer was interposed by appellant to the complaint herein on the grounds that it does not state facts sufficient to constitute a cause of action; that the court has no jurisdiction of the persons of the parties, or the subject-matter of the action; and that it is ambiguous, unintelligible, and uncertain. A demurrer was also

interposed by appellant to the company's affirmative defense and cross-complaint on the first two grounds mentioned. These demurrers were overruled by the court, and appellant's default for failure to answer within the time required was duly entered. Martin and Craig made no appearance. The case was tried before the court upon the issue made by the complaint and answer, and judgment entered that the interpleader suit was properly and necessarily commenced by the respondent Mooney by reason of the unfounded claim to said $218 made by said Newton. An attorney fee fixed at $50 and costs amounting to $10.30, aggregating the sum of $60.30, were allowed respondent Mooney to be deducted by the clerk and paid from the sum of $218 deposited. Judgment was also rendered in favor of the defendant company and against Newton for the residue of said sum deposited, to wit, $157.70, and for the said sum of $60.30 deducted as Mooney's costs and attorney fee. From the judgment entered, this appeal is taken by said Newton.

The foregoing statement is sufficient to present the questions necessary for determination on this appeal.

It appears from the transcript of the record on appeal that no exceptions were taken by the appellant within the time required by law, so as to entitle a bill embodying them to be settled and allowed by the lower court.

No exceptions were taken to adverse rulings of the court by appellant before trial, and, being in default, he did not participate in the trial. Final judgment was entered on the 17th day of December, 1918.

1-3. Two rulings adverse to appellant on his motions were made after judgment, respectively, on December 28, 1918, and January 14, 1919, but no exceptions were taken or embodied in a bill of exceptions until January 18, 1919. It was served and filed two days later, and on April 5, 1919, was presented to the court and settled and allowed. When an exception is necessary to a ruling

of the court, it must be taken when the ruling is made, unless by permission of the court it is allowed to be taken at a later time. An order of the court settling a bill of exceptions is in no sense an order allowing exceptions to be taken at that time. If it be contended that some of the exceptions were taken to rulings deemed to be excepted to by law, the bill of exceptions settled by the court is entirely deficient in not setting out the matter on which the ruling was made. A mere reference to it and the ruling of the court as appearing in other parts of the transcript is insufficient. On December 30 an objection was taken by counsel to the ruling made on December 28 denying the motion to strike the decision and judgment. If this can be considered an exception, the bill is nevertheless deficient in this respect in not setting out any matter with reference to the motion on which the ruling was made; in other words, the court could not learn from the evidence presented by the bill of exceptions whether the ruling on the motion was error or not. The bill of exceptions in this case bears a very close resemblance to an assignment of errors. Seasonable objections were taken to the proposed bill of exceptions in the district court, and also in this court, on the grounds mentioned. For the reasons stated, we are precluded from considering the errors alleged in it, and will confine ourselves to the judgment roll.

4. It was assigned as error, and the principal question argued on the hearing, that the district court had no jurisdiction of the subject-matter of the action, because the amount involved is less than $300. The action is an interpleader suit under the statute and clearly equitable. In this respect the statute provides:

"And whenever conflicting claims are or may be made upon a person for or relating to personal property or the performance of an obligation or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their

several claims among themselves." Section 63, Civil Practice Act (Rev. Laws, 5005).

The equity of an action in interpleader is that the conflicting claimants should litigate the matter amongst themselves, without involving the plaintiff in their dispute, with which he has no interest. 4 Pomeroy's Eq., sec. 1320 (4th ed.) ; 2 Story's Eq., sec. 1117 (14th ed.) ; Shaw v. Coster, 35 Am. Dec. note, 697.

In all chancery cases the district courts have original jurisdiction, whatever may be the amount in controversy. Wilde v. Wilde, 2 Nev. 306. It is therefore obvious that the contention that the district court is without jurisdiction is untenable.

5. A cause of action is sufficiently stated in the complaint to entitle the respondent Mooney to the relief demanded. Appellant's demurrer to the complaint was properly overruled. His demurrer to the answer of his codefendant, the Desert Produce Company, is without merit. There is no error in the judgment as to costs. The plaintiff in this kind of an action, if the interpleader is granted, is entitled to his costs out of the fund deposited in court to be ultimately paid by the unsuccessful party, and the defendant not in fault is entitled to a decree against the other defendant for the costs so taken out of the fund as well as for his own costs. 15 R. C. L. 223.

This disposes of all the alleged errors presented by the judgment roll, except the question as to the allowance of an attorney fee to respondent Mooney out of the fund deposited in court.

6. This was error. The allowance of an attorney fee to be paid by the losing party is a subject of statutory regulation. While the legislature has provided for the recovery of an attorney fee by the plaintiff or prevailing party in certain actions in this state, the case at bar does not fall within any of these special statutes.

7. The error, however, is not prejudicial to appellant. Having failed to recover in the action in the lower court,

he cannot be heard to complain of an error which affects his codefendant only.

The judgment of the district court is affirmed.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.