**CONTINENTAL TRUST CO. v. CORBIN et al.**

**Equity No. 42405.**

Supreme Court of the District of Columbia.

June 30, 1924.

Douglas, O'Bear & Douglas, of Washington, D. C., for plaintiff.

Ralph H. Case, of Washington, D. C., for defendants.

HOEHLING, Justice.

The plaintiff, on March 31, 1924, filed bill of interpleader herein against Edythe Patten Corbin, George Washington Stone Corporation, and Howard A. Kelly, wherein it is alleged that defendant, Corbin, on November 26, 1923, deposited with the Guaranty Savings Bank, a corporation, a fund of $22,000, said deposit having been made for the purpose of carrying out a certain contract entered into by the defendant named with defendant, George Washington Stone Corporation; that a certain assignment was thereafter made by the defendant last named to defendant, Kelly, of certain of the payments agreed to be made by said defendant, Corbin; that, thereafter, the fund beforesaid was reduced to the sum of $10,996.51, and on December 31, 1923, plaintiff took over from the said Guaranty Savings Bank the aforesaid fund of $10,996.51.

The bill further alleges that each of the defendants claim the entire said sum; and that each has threatened to bring suit against plaintiff; that it has always been willing to pay the fund to the person or persons legally entitled thereto, and it offers to pay the sum into the registry of this Court. It is further alleged that plaintiff does not in any way collude with any of the defendants; that the bill is not filed at the request of any of the defendants; that it has not been indemnified by any of them; and that it files the bill of its own free will and accord to avoid being twice vexed, molested, or injured touching the matters in question.

The bill contains the usual prayers for process, that the defendants be required to interplead; that plaintiff be permitted to

pay the said sum into the registry of the Court; and that the defendants be enjoined temporarily and permanently from instituting or prosecuting suits against plaintiff touching the fund aforesaid; etc.

On the same day, namely, March 31, 1924, plaintiff filed motion for a temporary injunction and for an order permitting plaintiff to pay the fund of money aforesaid into the registry of the Court, that defendants be required to interplead, and that plaintiff be discharged from all liability to any of the defendants; and that it may have adjudged to it its costs and reasonable counsel fees.

No action appears to have been taken on that motion.

Thereafter, April 2, 1924, the defendant, Corbin, filed answer and cross-bill in which she alleges that, instead of $22,000., she deposited $30,000. with the Guaranty Savings Bank, and she alleges that the amount taken over by the plaintiff was $30,000. instead of $10,996.51 as alleged in the bill; she denies that she has threatened to bring suit against the plaintiff, and alleges that adequate relief is afforded at law, and that no recourse to equity is necessary.

By way of cross bill, the said defendant alleges that plaintiff is indebted to her in the sum of $30,000.

On April 11, 1924, the said defendant, with leave of Court, amended her answer so as to charge that on December 1, 1923, the plaintiff took over all of the assets and assumed all of the liabilities of the Guaranty Savings Bank.

On April 11, 1924, the plaintiff filed answer to the cross bill of defendant, Corbin, again reiterating that the amount of the fund in its custody is but $10,996.51, as alleged in the bill of interpleader, and not the sum of $30,000, as claimed by defendant, Corbin, in her said cross bill.

On June 9, 1924, defendant filed in the cause what is designated "Reply of Edythe Patten Corbin," in which she shows that, subsequent to the filing of her answer herein, a complete settlement of all matters in controversy between her and her co-defendants had been effected, copy of the agreement of settlement being attached; and she, accordingly, asks that the action be dismissed, and that defendant have adjudged to her her costs, disbursements, and reasonable counsel fee.

Following the filing of the pleading just mentioned, the defendant, Corbin, filed motion to dismiss, June 11, 1924, wherein it is set forth that the action is a bill of interpleader; that the defendants George Washington Stone Corporation, and Howard A. Kelly, are not residents of the District of Columbia, have not been served with process in the cause, and are not before the Court; and that the pleadings show that all differences at any time theretofore existing between the defendants have been amicably settled, and that there is not now and there has never been any right in plaintiff to bring and maintain this action.

The motion to dismiss has been orally argued to the Court, and practically the only remaining questions in the case for disposition are: (a) By plaintiff, that it should be allowed a reasonable counsel fee out of the fund; and, (b) by defendant, Corbin, that she should be allowed a reasonable counsel fee.

The ground upon which said defendant, Corbin, claims to be entitled to the allowance of counsel fee, is not apparent, and the same therefore will be dismissed without further reference.

The more important question, however, relates to the claim of plaintiff that it should be allowed a reasonable counsel fee for the filing of the bill of interpleader.

It will be observed from the foregoing brief statement that no order of interpleader has been entered in the case, and that the subject-matter of the proposed interpleader has been arranged and disposed of, by amicable arrangement between the several defendants, prior to the completion of the cause (by service upon or publication against the two non-resident defendants), for consideration of the preliminary question of order to interplead and to deposit the fund in the registry of the Court.

Strictly speaking, therefore, the precise question of the legal propriety, or other-

wise, of an allowance of counsel fees to a plaintiff in interpleader, in the face of opposition made to such allowance, is not before the Court, since here there is merely a bill seeking an interpleader, but no order of interpleader has been entered; no order for the deposit of the fund in the registry of the Court has been passed; nor have all of the defendants been brought before the Court; and, of course, no order has been passed discharging the plaintiff as a party to the further proceedings in interpleader.

However, the Court will pass by that question, and treat the case as one wherein, in an interpleader suit, the plaintiff asks an allowance for counsel fees.

While the Court is aware personally, and has been otherwise advised, that in some cases of interpleader such fees have been allowed, in this jurisdiction, but, perhaps, generally that has been done by consent, or, possibly, with contest as to the amount rather than as to the legal propriety of *any* such allowance being made.

An examination of the interpleader cases decided by the Court of Appeals does not seem to throw any light upon the question.

In the report of Dunlop v. Hubbard, 19 Ves.Jr. 205, the following is stated:

"The Lord Chancellor said, he did not recollect an instance of costs given upon a Bill of Interpleader, except as between party and party; according to the course of the Court."

In the case of Temple et al. v. Lawson, 19 Ark. 148, 153, the court, in its opinion, states:

"And it seems to be a rule permanently established by Courts of Chancery, that they will in no case, free from fraud in the defendants, allow interpleaders their solicitor's fee to be paid generally, or out of the *special fund* brought into Court."

The above is followed by a reference to and extract from the case of Dunlop v. Hubbard, supra.

In Ohio, etc., Trust Co. v. Winn., 4 Md.Ch. 253, 259, the following was stated:

"It is believed that neither in this country nor in England was a stakeholder, even viewing Clark & Kellogg as occupying simply that character, ever allowed counsel fees out of funds in his hands."

In Mooney v. Newton, 43 Nev. 441, 187 P. 721, 723, (interpleader), the court stated:

"While the Legislature has provided for the recovery of an attorney fee by the plaintiff or prevailing party in certain actions in this state, the case at bar does not fall within any of these special statutes."

The question of allowance of counsel fee to the plaintiff in interpleader must not, of course, be confounded with the right of one who has created or conserved a fund to be reimbursed his reasonable costs and counsel fees, nor to the case of a trustee who needs and asks the assistance of a court in the performance and discharge of his trust duties.

The situation of a plaintiff in interpleader is thus summed up in Helmken v. Meyer, 118 Ga. 657, 663, 45 S.E. 450, 452:

"The plaintiff, in such a case as the present, does not raise the fund by his diligence, nor do counsel bring it into court from some other source for the benefit of the parties called on to interplead. On the contrary, the fund is admitted to belong to the one or the other of the parties defendant, or to both, and the payment of it would seem to be no more than the duty of the plaintiff. The decree sought by the plaintiff in an interpleader is for his own benefit and protection. We, therefore, hold that the court below erred in allowing to the insurance company the sum of $100 as counsel fees, and will direct that the decree be corrected to that extent."

Without further pursuing the matter, the Court is of opinion that plaintiff is not entitled to an allowance for counsel fee herein.

Appropriate order may be prepared and submitted, upon notice, granting the motion to dismiss the bill of interpleader herein.